DETROIT CITY COUNCIL v DETROIT MAYOR

Docket No. 138732. Submitted March 2, 1993, at Detroit. Decided
November 2, 1993, at 9:05 A.M. Leave to appeal sought.

The Detroit City Council brought an action for mandamus and
declaratory relief in the Wayne Circuit Court against Detroit
Mayor Coleman A. Young and Detroit Budget Director Walter
Stecher, seeking to compel the defendants to submit to the
council their recommendations for eliminating the budget defi-
cit for the 1989-90 fiscal year and certain information and
documents that would allow the council to evaluate the recom-
mendations and seeking to compel the defendants to obtain the
council's approval before implementing any measures to elimi-
nate the budget deficit. The court, Richard C. Kaufman, J.,
granted partial summary disposition for both the council and
the defendants, ruling that pursuant to the Uniform Budgeting
and Accounting Act, MCL 141.421 *et seq.*; MSA 5.3228(21) *et
seq.*, the recommendations must be submitted to, but need not
be approved by, the council before implementation and need
not be accompanied by supporting information and documents.
The council appealed.

The Court of Appeals *held:*

1. Section 17 of the act, MCL 141.437; MSA 5.3228(37),
provides that any deviation from an adopted budget of a local
unit of government, such as those that would be occasioned by
the deficit elimination recommendations at issue in this case,
may not be made without first amending the general appropria-
tions enactment. Section 17 further provides that if, during a
fiscal year, it appears that budgeted expenditures will exceed
anticipated revenues, the local government's chief administra-
tive officer or fiscal officer must submit to that government's
legislative body recommendations that, if adopted by the legis-
lative body, would prevent expenditures from exceeding reve-
nues. Accordingly, the defendants in this case are required by

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions §§ 283, 581.
See ALR Index under Municipal Corporations.

§ 17 to seek the council's approval of their deficit elimination recommendations.

2. Neither § 17 nor § 14(5) of the act requires the submission to the council of information or documentation in support of the deficit elimination recommendations of the defendants.

Affirmed in part and reversed in part.

MUNICIPAL CORPORATIONS — BUDGET DEFICITS — UNIFORM BUDGETING AND ACCOUNTING ACT.

A chief executive officer or fiscal officer of a unit of local government faced with an impending budget deficit during a fiscal year may not undertake any deficit elimination measures without first submitting a recommendation to and obtaining the approval of the legislative body of that unit of government (MCL 141.437; MSA 5.3228[37]).

*Colista, Adams & Palmer, P.C.* (by *F. Philip Colista* and *Robert W. Palmer*), for the plaintiff.

*Honigman Miller Schwartz & Cohn* (by *James K. Robinson, Jay E. Brant,* and *David B. Nelson*), for the defendants.

Before: CAVANAGH, P.J., and GRIFFIN and JANSEN, JJ.

PER CURIAM. Plaintiff, Detroit City Council, appeals as of right from the trial court's order and opinion partially granting both parties' motions for summary disposition in this action brought pursuant to the Uniform Budgeting and Accounting Act (UBAA), MCL 141.421 *et seq.*; MSA 5.3228(21) *et seq.* We affirm in part and reverse in part.

We are called to decide, first, whether defendants (City of Detroit Mayor Coleman Young and Budget Director Walter Stecher) were required to obtain plaintiff's approval of their recommendations for eliminating the budget deficit for the 1989-90 fiscal year before implementing those recommendations, and, second, whether the recom-

mendations should have been accompanied by supporting information and documentation as requested by plaintiff. Although these issues are now moot, we will address them because they are of public significance and are likely to recur. *In re Ford*, 187 Mich App 452, 454; 468 NW2d 260 (1991).

We hold that council approval must be obtained before implementing deficit elimination proposals; however, the supporting information requested by the council need not be provided.

Plaintiff alleged that in December 1989 it received from defendant Stecher a fiscal report that projected a budget deficit for the City of Detroit of between $49 million and $60 million for the 1989-90 fiscal year. In January 1990, defendant Young issued a press release indicating that a savings plan was already being implemented. Among other things, the plan called for the layoff of 722 city employees, a hiring freeze, and a delay in the purchase of new police vehicles.

Plaintiff immediately passed a resolution requesting defendant Young to submit for its approval a deficit reduction plan and the budgetary amendments needed for implementation of the plan. Defendant Stecher responded to this request by informing plaintiff that certain administrative steps to address the problem had already been taken; he also revealed that the actual deficit would be $81 million.

Plaintiff's president then requested certain information from defendant Stecher that would allow plaintiff to evaluate adequately the deficit reduction recommendations. Such information was not forthcoming. Plaintiff passed a resolution requesting defendants to prepare and present a comprehensive deficit elimination proposal. On three occasions, defendants submitted piecemeal budget

amendment proposals, which plaintiff rejected because they did not constitute a comprehensive savings plan and were not accompanied by sufficient supporting information to assist plaintiff in determining their effect on the city's services and programs.

Plaintiff then filed suit, seeking a writ of mandamus compelling presentation of a comprehensive savings plan supported by information as requested by plaintiff and declaratory relief.

In partially granting both parties' motions for summary disposition pursuant to MCR 2.116(C)(10), the trial court ruled that (1) although defendants were required to submit deficit elimination recommendations to plaintiff before implementing them, plaintiff's approval of the recommendations need not be obtained before implementation, and (2) the recommendations need not be accompanied by supporting information and documentation as requested by plaintiff.

A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted when, except for the amount of damages, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *American Nat'l Fire Ins Co v Frankenmuth Mutual Ins Co,* 199 Mich App 202, 206; 501 NW2d 237 (1993). On appeal from a grant of summary disposition pursuant to MCR 2.116(C)(10), this Court should review the record to ascertain whether the movant was entitled to judgment as a matter of law. *Adkins v Thomas Solvent Co,* 440 Mich 293, 302; 487 NW2d 715 (1992).

We believe that the trial court erred in ruling that, as a matter of law, plaintiff need not approve defendants' deficit elimination proposals before their implementation.

The purpose of the UBAA is to promote uniform

budgets and to avoid deficit spending. *Rayford v Detroit,* 132 Mich App 248, 253; 347 NW2d 210 (1984). Section 17 of the act provides as follows:

> Except as otherwise provided in section 19, a deviation from the original general appropriations act shall not be made without amending the general appropriations act. The legislative body of the local unit shall amend the general appropriations act as soon as it becomes apparent that a deviation from the original general appropriations act is necessary and the amount of the deviation can be determined. An amendment shall indicate each intended alteration in the purpose of each appropriation item affected by the amendment. The legislative body may require that the chief administrative officer or fiscal officer provide it with periodic reports on the financial condition of the local unit. If, during a fiscal year, it appears to the chief administrative officer, or the fiscal officer in local units which have not elected or designated a chief administrative officer, or to the legislative body that the actual and probable revenues from taxes and other sources in a fund are less than the estimated revenues, . . . the chief administrative officer or fiscal officer shall present to the legislative body recommendations which, *if adopted,* would prevent expenditures from exceeding available revenues for that current fiscal year. The recommendations shall include proposals for reducing appropriations from the fund for budgetary centers in a manner that would cause the total of appropriations to not be greater than the total of revised estimated revenues of the fund, or proposals for measures necessary to provide revenues sufficient to meet expenditures of the fund, or both. The recommendations shall recognize the requirements of state law and the provisions of collective bargaining agreements. [MCL 141.437; MSA 5.3228(37). Emphasis added.]

The role of this Court in reviewing a trial

court's construction of a statute is to enforce the intent of the Legislature. *Ripley v Drivers Services, Inc,* 151 Mich App 91, 94; 390 NW2d 690 (1986). Thus, when the legislative intent is clearly revealed in an unambiguous statute, the plain language of the statute must be enforced. If judicial construction is necessary, the Court must examine the object of the statute and the harm that it was designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose. *Kammer Asphalt Paving Co, Inc v East China Twp Schools,* 443 Mich 176, 183; 504 NW2d 635 (1993). A statute should be construed so as to avoid unreasonable consequences. *ACCO Industries, Inc v Dep't of Treasury,* 134 Mich App 316, 321; 350 NW2d 874 (1984). The Court should presume that every word in a statute has some meaning, and should avoid a construction that would render any part of the statute surplusage or nugatory. *Altman v Meridian Twp,* 439 Mich 623, 635; 487 NW2d 155 (1992).

The trial court held that defendants' deficit elimination recommendations were not a "deviation" from the original budget, as provided by § 17 of the UBAA, because they merely amounted to a permissible refusal to expend appropriated funds. We disagree. The proposals in this case involved both decreases and increases in the amounts of certain appropriations rather than a decision not to expend appropriated funds. Those decreases and increases, which were not authorized under the original budget, constituted deviations from the budget. Therefore, pursuant to § 17, council approval was required.

A plain reading of § 17 supports the conclusion that plaintiff's approval of defendants' deficit elimination recommendations must be given before their implementation. Defendants' interpretation

of the statute would render the phrase "if adopted" mere surplusage. Furthermore, defendants' proposed construction of the statute is strained and would lead to unreasonable consequences: if plaintiff disapproved recommendations that had already been implemented, those executive actions would become retrospectively unlawful. Such a result cannot have been intended by the Legislature.

Additional support for our conclusion may be found in *Detroit City Council v Stecher,* 430 Mich 74; 421 NW2d 544 (1988), where the Court stated that "the council may not unilaterally amend [deficit elimination proposals] before submitting them to the mayor for final approval and implementation." *Id.* at 77. The clear implication of this statement is that implementation may not precede council approval.

With regard to the second issue in this case, we agree with the trial court that, as a matter of law, defendants were not required to submit with the budget amendment proposals the supporting documentation requested by plaintiff.

Section 14(5) of the UBAA, MCL 141.434(5); MSA 5.3228(34)(5), provides, in pertinent part, that "[t]he chief administrative officer shall furnish to the legislative body information the legislative body requires for proper consideration of the recommended budget." This provision is inapplicable in this context, because it addresses the information requirements for the budget, not for amendments of the budget. Nor does § 17 require defendants to submit supporting documentation detailing the cause of the deficit and an explanation of how a proposed amendment will affect city programs and services. That section merely requires defendants to provide plaintiff with certain financial information on a periodic basis.

Therefore, the trial court properly granted summary disposition to defendants with regard to this issue.

Affirmed in part and reversed in part.