BOMMARITO v DETROIT GOLF CLUB

Docket No. 164454. Submitted October 19, 1994, at Detroit. Decided April 28, 1995, at 9:00 A.M.

Thomas Bommarito and others brought an action in the Wayne Circuit Court against the Detroit Golf Club, alleging claims of age and marital status discrimination in violation of § 302 of the Civil Rights Act, MCL 37.2302; MSA 3.548(302), as a result of the defendant's institution of a membership policy allowing the spouses and adult children, between eighteen and twenty-five years of age, of all the members unrestricted access to its facilities and golf courses without the payment of additional dues. The plaintiffs, married and unmarried club members who are over the age of twenty-five, claimed that the new policy denied single members, married members whose spouses did not golf, and members over the age of twenty-five full and equal enjoyment of the defendant's facilities and required them to subsidize these nonmembers' use of the facilities. The trial court, Roland L. Olzark, J., granted motions by the Civil Rights Commission and the Department of Civil Rights to intervene as defendants. The court granted summary disposition for the defendant, finding that the defendant's policy was consistent with the requirements of § 302a of the Civil Rights Act, MCL 37.2302a; MSA 3.548(302a). The plaintiffs appealed.

The Court of Appeals *held:*

1. Section 302a applies in this case. Application of § 302 in this case, as urged by the plaintiffs, would render the more recent, limited, and specific nondiscrimination provisions in § 302a a mere surplusage.

2. The trial court properly ruled that the plaintiffs' complaint failed to state claims under the Civil Rights Act. The plaintiffs did not allege any facts establishing that the defendant violated the provisions of § 302a.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

Where two statutes address the same subject, courts must strive

REFERENCES

Am Jur 2d, Statutes §§ 250-254.
See ALR Index under Statutes.

to read them harmoniously in order to give both statutes a reasonable effect.

2. STATUTES — JUDICIAL CONSTRUCTION.

A court should presume that every word in a statute has some meaning and should avoid a construction of the statute that would render any part of the statute surplusage or nugatory.

*Law Offices John W. Mason, P.C.* (by *John W. Mason*), for the plaintiffs.

*Brady Hathaway, P.C.* (by *Daniel J. Bretz* and *John F. Brady*), for the defendant.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Ron D. Robinson* and *Robert L. Willis, Jr.,* Assistant Attorneys General, for the intervening defendants.

Amicus Curiae:

*Brett J. McRae,* for Senator Lana Pollack.

Before: WAHLS, P.J., and JANSEN and J. P. NOECKER,* JJ.

WAHLS, P.J. In this action involving claims of age and marital status discrimination brought pursuant to the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, plaintiffs appeal as of right from an order granting summary disposition for defendant Detroit Golf Club pursuant to MCR 2.116(C)(8). We affirm.

When 1992 PA 70 was enacted, it amended, in part, § 301 of the Civil Rights Act to declare that private country clubs and golf clubs are "places of public accommodation," thereby bringing them within the coverage of the act. MCL 37.2301(a)(i);

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 3.548(301)(a)(i).[1] Section 302a, which was also created and added to the act, provides, in pertinent part:

> (1) This section applies to a private club that is defined as a place of public accommodation pursuant to section 301(a).
>
> (2) If a private club allows use of its facilities by 1 or more adults per membership, the use must be equally available to all adults entitled to use the facilities under the membership. All classes of membership shall be available without regard to race, color, gender, religion, marital status, or national origin. Memberships that permit use during restricted times may be allowed only if the restricted times apply to all adults using that membership.
>
> (3) A private club that has food or beverage facilities or services shall allow equal access to those facilities and services for all adults in all membership categories at all times. This subsection shall not require service or access to facilities to persons that would violate any law or ordinance regarding sale, consumption, or regulation of alcoholic beverages. [MCL 37.2302a; MSA 3.548(302a).]

Following the enactment, defendant instituted a membership policy allowing the spouses and adult children (between eighteen and twenty-five years of age) of all the members unrestricted access to its facilities and golf courses. Specifically, defendant removed "tee time" restrictions on spousal golfing and the "male only" restriction regarding one of its dining facilities, known as the "Men's Grill." Up until this point, defendant allowed the spouses and children of members to fully utilize its other facilities. Defendant did not request addi-

---

[1] The amendment also declared that (1) a boating or yachting club, (2) a sports or athletic club, and (3) a dining club (with one exception) are places of public accommodation. MCL 37.2301(a)(ii)-(iv); MSA 3.548(301)(a)(ii)-(iv).

tional dues from the members who were affected by this policy.

On September 10, 1992, plaintiffs filed a complaint alleging that defendant discriminated against them on the basis of their age and marital status in violation of § 302 of the Civil Rights Act, MCL 37.2302; MSA 3.548(302), which provides, in pertinent part:

> Except where permitted by law, a person shall not:
> (a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status.

Plaintiffs are married and unmarried members who are over the age of twenty-five. In their complaint, they claimed that the new policy denied single members, married members whose spouses did not golf, and members over the age of twenty-five "full and equal" enjoyment of defendant's facilities and required them to subsidize these nonmember's use of the facilities.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8), arguing that plaintiffs failed to state a claim for discrimination on the basis of marital status or age under the Civil Rights Act. Defendant asserted that its policy was consistent with the requirement in § 302a(2) that all adults entitled to use the facilities pursuant to a membership are to be treated equally and may not be restricted in the use of the facilities. In response, plaintiffs maintained that § 302 of the Civil Rights Act was applicable rather than section 302a. The Civil Rights Commission and the Department of Civil Rights were allowed to intervene

as defendants and concurred with defendant's motion for summary disposition.

In granting summary disposition, the trial court held that defendant's policy did not violate § 302a because it did not deny plaintiffs full and equal use of the facilities and golf courses. The court noted that plaintiffs' economic disadvantage did not amount to a denial of the full and equal enjoyment of defendant's facilities. Furthermore, the trial court ruled that plaintiffs were not members of a class intended to be protected under the act and, therefore, could not bring a claim for age or marital status discrimination.

On appeal, plaintiffs challenge the trial court's dismissal. A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. The motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development could justify recovery. This Court reviews a summary disposition ruling de novo. *Merillat v Michigan State Univ,* 207 Mich App 240, 245; 523 NW2d 802 (1994).

Plaintiffs contend that § 302 of the act, MCL 37.2302; MSA 3.548(302), governs their age and marital status discrimination claims rather than § 302a, MCL 37.2302a; MSA 3.548(302a). We disagree.

Resolution of this issue involves interpretation of the two statutory provisions. Where the language of a statute is clear, the Legislature must have intended the meaning it has plainly expressed and there is no need for interpretation. *Gebhardt v O'Rourke,* 444 Mich 535, 541-542; 510 NW2d 900 (1994); *Farrington v Total Petroleum, Inc,* 442 Mich 201, 208; 501 NW2d 76 (1993). If judicial construction or interpretation is necessary, courts must ascertain and give effect to the intent

of the Legislature and employ the ordinary and generally accepted meaning of the words used by the Legislature. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). If two statutes address the same subject, courts must strive to read them harmoniously in order to give both statutes a reasonable effect. *House Speaker v State Administrative Bd,* 441 Mich 547, 568; 495 NW2d 539 (1993); *Bauer v Treasury Dep't,* 203 Mich App 97, 100; 512 NW2d 42 (1993).

Section 302 broadly prohibits the denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation on the basis of religion, race, color, national origin, age, sex, or marital status. On the other hand, § 302a clearly states that it is applicable to a private club that is defined as a place of public accommodation under § 301(a) and further narrowly prohibits denial of a membership in a private club on the basis of race, color, gender, religion, marital status, or national origin. We find that by its plain language, § 302a applies in this case.

Moreover, application of § 302a furthers the Legislature's intent. The Senate Fiscal Agency bill analysis of SB 351 indicates that the Legislature was concerned about membership restrictions in private clubs and the denial of access to the clubs' facilities on the basis of sex. Amicus curiae, Senator Lana Pollack, a proponent of SB 351, similarly submits that the bill was designed to remedy gender discrimination in private clubs. Furthermore, application of § 302 would render the more recent, limited, and specific nondiscrimination provisions in § 302a mere surplusage. The court should presume that every word in a statute has some meaning, and should avoid a construction that would render any part of the statute surplus-

age or nugatory. *Altman v Meridian Twp,* 439 Mich 623, 635; 487 NW2d 155 (1992); *Detroit City Council v Mayor,* 202 Mich App 353, 358; 509 NW2d 797 (1993).

Because § 302a applies, we further find that the trial court did not err as a matter of law in ruling that plaintiffs' complaint failed to state claims under the Civil Rights Act. Defendant has not denied plaintiffs, or anyone else for that matter, equal use of its facilities and golf courses. Rather, defendant's policy fully complies with the section's mandate to provide equal use to all adults entitled to use its facilities under their membership. Furthermore, all classes of membership are available without regard to race, color, gender, religion, marital status, or national origin. Therefore, plaintiffs did not allege any facts establishing that defendant violated the provisions contained in § 302a.

In addition, plaintiffs did not allege any facts establishing that they were treated differently on the basis of marital status. Defendant's policy treats members differently only to the extent that a member's spouse or adult children may desire to use the facilities or golf courses. However, the policy does not discriminate on the basis of whether a member is married or treat members differently on the basis of a stereotypical view of the characteristics of married or single persons. *Whirlpool Corp v Civil Rights Comm,* 425 Mich 527, 531; 390 NW2d 625 (1986); *Miller v C A Muer Corp,* 420 Mich 355, 363; 362 NW2d 650 (1984). Defendant's policy is also one of inclusion, rather than the exclusion of certain persons from its facilities that the Civil Rights Act was designed to eliminate. Certainly, the act was not intended to ensure economic fairness for all members belonging to a private club.

Accordingly, the trial court did not err as a matter of law in granting defendant's motion for summary disposition and dismissing plaintiffs' claims.

Affirmed.