BEACH v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 174556. Submitted November 14, 1995, at Grand Rapids.
Decided May 17, 1996, at 9:00 A.M. Leave to appeal sought.

Guy R. Beach brought an action in the Washtenaw Circuit Court
against State Farm Mutual Automobile Insurance Company, his no-
fault insurer, seeking payment of personal protection insurance
benefits denied by the defendant for past and future physical ther-
apy, psychiatric or psychological care, therapy for traumatic brain
injury, and vocational counseling related to a head injury he sus-
tained in an automobile accident. A jury decided that the plaintiff
was entitled to an award for past benefits, that payments on past
benefits were not overdue, and that the plaintiff was entitled to
future benefits for vocational counseling, psychiatric or psychologi-
cal care, and therapy for traumatic brain injury, but not physical
therapy. The court, Donald E. Shelton, J., entered judgment on the
verdict, refused to award attorney fees to either party, and
awarded prejudgment interest, costs, and mediation sanctions to
the plaintiff. The defendant appealed, and the plaintiff cross
appealed the denial of his request for attorney fees and the award
of prejudgment interest.

The Court of Appeals *held*:

1. Error requiring reversal cannot be attributed to the verdict
form for the absence of a question asking whether the plaintiff's
injury arose out of the accident and for the presence of a question
asking the jury to choose the type of future medical treatment from
among four options. The verdict form asked the jury to determine
whether the plaintiff incurred expenses arising out of the accident,
and the trial court instructed the jury that the plaintiff needed to
prove that his injury arose out of the operation of a motor vehicle
and that the jury needed to base any award on the accident alone.
Case law exists in support of permitting the jury to determine the
type of medical treatment needed in the future.

2. The trial court abused its discretion in not imposing sanctions
on the plaintiff, pursuant to MCR 2.313(B)(2), for the plaintiff's fail-
ure to supplement answers to the defendant's interrogatories con-
cerning the plaintiff's proposed expert witness and failure to pro-

vide the defendant with a copy of that witness' written evaluation of the plaintiff until shortly before the trial. On remand, the trial court must conduct a hearing concerning reasonable sanctions for these discovery violations by the plaintiff.

3. The trial court did not abuse its discretion in excluding from evidence an audit report on bills generated by a rehabilitation service for the plaintiff's treatment. The report was not kept in the course of a regularly conducted business activity and therefore does not satisfy the hearsay exception for records of regularly conducted activity.

4. Costs may be awarded to a prevailing party only where an award of costs is authorized by statute. The fact that the plaintiff incurred expenses in obtaining copies of his medical and other records does not entitle the plaintiff to an award of costs under MCL 600.2405(1); MSA 27A.2405(1). Costs may be awarded for such expenses under MCL 600.2549; MSA 27A.2945 if the documents were obtained from a public office, were certified copies, and were necessarily used at trial. On remand, the trial court must determine whether the plaintiff is entitled to costs under MCL 600.2549; MSA 27A.2945.

5. Prejudgment interest was properly awarded for benefit claims that had already been denied by the defendant when the plaintiff filed his complaint in this action, but was improperly denied for benefit claims denied after the complaint was filed and before judgment was entered. On remand, the plaintiff must be awarded additional prejudgment interest for claims denied after the complaint was filed. Such additional interest is payable from the date each claim was denied to the date of the judgment.

6. Mediation sanctions must be reconsidered on remand in light of changes that will be made to the amount of plaintiff's recovery as a result of the Court of Appeals determination with respect to costs and prejudgment interest. The plaintiff is entitled to actual costs, including attorney fees, pursuant to MCR 2.403(0) if it is determined that the plaintiff improved his position by more than ten percent after trial.

7. The trial court properly denied the defendant's request for attorney fees under MCL 500.3148(2); MSA 24.13148(2) after correctly ruling that the plaintiff's claims for wage loss and replacement service benefits were not fraudulent or unreasonable.

8. The trial court properly denied the plaintiff's request for attorney fees under MCL 500.3148(1); MSA 24.13148(1) in light of the jury's finding that no benefits were overdue for purposes of MCL 500.3142; MSA 24.13142. The jury's determination that no benefits were overdue precluded an award of attorney fees to the plaintiff

because attorney fees are awardable to a claimant only where personal or property protection insurance benefits are overdue.

Affirmed in part, reversed in part, and remanded.

MICHAEL J. KELLY, J., concurring in part and dissenting in part, stated that sanctions should not be imposed on the plaintiff for the delay in providing the defendant with a copy of the written evaluation of the plaintiff's proposed expert witness. The delay was not unreasonable and did not impose a hardship on the defendant, and no discovery order was violated.

1. PRETRIAL PROCEDURE — DISCOVERY — SUPPLEMENTATION OF RESPONSES.

A party whose response to a request for discovery was complete when made must seasonably supplement its response to include information acquired later where the request relates to the identity of a person expected to be called as an expert witness, the subject matter on which the expert is expected to testify, and the substance of the expert's testimony; failure to supplement makes the party subject to sanctions as provided in MCR 2.313(B) (MCR 2.302[E][1][a][ii]).

2. COSTS — PREVAILING PARTIES — STATUTORY BASIS.

The prevailing party in an action may recover only those costs that are statutorily authorized for a prevailing party (MCR 2.625[A]).

3. INTEREST — PREJUDGMENT INTEREST — INSURANCE BENEFITS.

Prejudgment interest on an award of money damages for insurance claims wrongfully denied by the insurer is awarded from the date of the complaint to the date of the judgment for a claim denied before the date of the complaint and from the date a claim is denied to the date of the judgment for claims denied after the date of the complaint (MCL 600.6013; MSA 27A.6013).

4. INSURANCE — NO-FAULT — FRAUDULENT, EXCESSIVE, OR UNREASONABLE CLAIMS — ATTORNEY FEES.

A trial court's finding with respect to whether a claim for personal or property protection insurance benefits is so fraudulent, excessive, or unreasonable as to warrant, in an action for such benefits, an award of reasonable attorney fees to the insurer will not be reversed on appeal unless it is clearly erroneous (MCL 500.3148[2]; MSA 24.13148[2]).

5. INSURANCE — NO-FAULT — DELAY IN PAYMENT OF CLAIMS — ATTORNEY FEES.

Attorney fees may be awarded to a claimant in an action for personal or property protection insurance benefits where such benefits are overdue and the trial court finds that the insurer unreasonably refused or delayed proper payment; the trial court's finding with

respect to unreasonable refusal or delay is reviewed on appeal for clear error (MCL 500.3148[1]; MSA 24.13148[1]).

*Logeman & Associates, P.C.* (by *James A. Iafrate*), for the plaintiff.

*Shaner & Olsen, P.C.* (by *Robert John Daly*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and MARKEY, JJ.

MARKEY, J. In November 1988, plaintiff was involved in a one-car accident and suffered severe injuries to his face and head. Defendant, plaintiff's no-fault insurance provider, paid $41,271.66 in no-fault benefits for plaintiff through December 1991. In 1992, the Department of Social Services referred plaintiff to a psychologist who would determine plaintiff's eligibility for a DSS program exchanging volunteer work for welfare benefits. Dr. Rosenbaum, the psychologist, concluded that residual effects from the 1988 accident were exacerbating plaintiff's prior learning difficulties and recommended that plaintiff receive vocational and other rehabilitation at Ann Arbor Rehabilitation Services, which was owned in part by the psychologist. Defendant refused to pay for this treatment[1] because defendant could not determine whether plaintiff's rehabilitation was related to the accident. According to defendant, plaintiff dropped out of school in the eighth grade, intelligence tests showed that plaintiff was functioning at lower levels, and plaintiff suffered closed head injuries from a 1977 motorcycle accident

---

[1] At trial, Dr. Rosenbaum testified that on October 1, 1993, the bill for services rendered to plaintiff at Ann Arbor Rehabilitation Services totaled $16,893.75.

in which plaintiff was not wearing a helmet. Thus, because plaintiff could not establish the origin of the problems he suffered with respect to his general cognitive functioning, defendant refused to pay the rehabilitation bills.

Plaintiff filed an action requesting that defendant fulfill its contractual obligations as plaintiff's no-fault insurer and also asked for a declaratory ruling concerning defendant's responsibility for plaintiff's future rehabilitation. A jury awarded plaintiff $17,500 and found that plaintiff was entitled to future vocational counseling, psychiatric or psychological care, and therapy for traumatic brain injury. The jury refused, however, to require that defendant pay for plaintiff's future physical therapy or pay a no-fault interest penalty. On the basis of the jury's refusal to award interest, the court also denied plaintiff's request for attorney fees, MCL 500.3148(1); MSA 24.13148(1), even though the court believed that defendant's refusal to pay was unreasonable. The court likewise denied defendant's request for attorney fees pursuant to MCL 500.3148(2); MSA 24.13148(2) even though defendant obtained a directed verdict with respect to plaintiff's claims for wage loss and replacement service benefits. Additionally, the court granted plaintiff's requests for prejudgment interest on those claims that existed when plaintiff filed his complaint and for mediation sanctions. Defendant appeals as of right, raising seven issues for this Court to review, and plaintiff raises a separate issue on cross appeal. We affirm in part, reverse in part, and remand for further proceedings.

I

First, defendant asserts that the trial court committed error requiring reversal because the jury verdict form was defective in that (1) it did not ask whether plaintiff's injuries arose out of the November 1988 accident, and (2) it asked the jury to determine what future medical treatment plaintiff needed. After reading the jury verdict form in conjunction with the jury instructions, we disagree. The first and fourth questions on the jury verdict form state:

> Question No. 1: Did the plaintiff incur "allowable expenses" *arising out of a November 28, 1988 motor vehicle accident* which are defined as reasonable charges for reasonably necessary products, services, and accommodations for the plaintiff's care, recovery, or rehabilitation?
>
> Question No. 4: Which of the following types of medical care *arises out of the November 28, 1988 accident* and [are] reasonable and necessary for [plaintiff's] care, recovery, or rehabilitation at the present time:
>
> a. Physical [t]herapy and treatment?
> b. Psychiatric or psychological care?
> c. Traumatic brain injury therapy?
> d. Vocational counseling? [Emphasis added.]

While we acknowledge that the verdict form did not contain a separate question asking the jury whether plaintiff's injuries arose out of the subject accident, the trial court remedied any doubt left open by the verdict form when it correctly instructed the jury. Specifically, the trial court informed the jury that in order for plaintiff to recover no-fault benefits from defendant, plaintiff had to prove, first, that his injuries arose out of the operation of a motor vehicle as a motor vehicle. The court also instructed that the jury must determine an award based on the 1988 accident

alone, if possible. Because the parties' theories and
the applicable law were adequately and fairly
presented to the jury, any error in the jury verdict
form is, therefore, harmless. MCR 2.613(A); see *Bordeaux v Celotex Corp*, 203 Mich App 158, 169; 511
NW2d 899 (1993).

We also believe that the trial court did not err in
permitting the jury to determine the type of future
medical treatment that plaintiff would need. See *Manley v DAIIE*, 425 Mich 140, 157-159; 388 NW2d 216
(1986); *Moghis v Citizens Ins Co*, 187 Mich App 245,
248; 466 NW2d 290 (1991). Accordingly, defendant
properly was found responsible for certain expenses
payable in the future related to plaintiff's psychiatric
or psychological care, therapy for traumatic brain
injury, and vocational counseling. *Manley, supra*;
*Moghis, supra*.

II

Next, defendant asserts that the court abused its
discretion when it failed to exclude plaintiff's expert,
Dr. Gerald Shiener, from testifying after plaintiff
failed to provide to defendant a copy of Dr. Shiener's
evaluation regarding plaintiff's condition until after
defendant filed its motion in limine, which was just
before trial. We agree that some sanctions are in
order. We review for abuse of discretion the decision
whether to impose sanctions for discovery violations.
*Merit Mfg & Die, Inc v ITT Higbie Mfg Co*, 204 Mich
App 16, 21; 514 NW2d 192 (1994).

Here, plaintiff listed Dr. Shiener as an expert, and
defendant sent interrogatories inquiring about this
expert's treatment and evaluation of plaintiff. The
interrogatories requested not only a summary of the

expert's opinions that would be offered at trial but also a copy of any treatment notes, correspondence, records, statements, test results or written opinions by Dr. Shiener. In October 1993, plaintiff responded that Dr. Shiener had evaluated plaintiff in September 1993, but no report was available at that time. Plaintiff promised, however, to "forward this report to Defendant, State Farm, as soon as it has been received." The doctor's report was dated November 18, 1993. Defendant neither scheduled nor took a discovery deposition of Dr. Shiener. After defendant filed its motion in limine to exclude Dr. Shiener's testimony, plaintiff faxed a copy of the doctor's report to defendant after business hours on the Thursday before the parties' Monday trial.

Although the trial court overlooked it, MCR 2.302(E)(1)(a)(ii) required plaintiff to supplement his responses to defendant's interrogatories regarding Dr. Shiener, as well as provide the subject matter and substance of the expert testimony that he would give at trial, or face the possibility of the sanctions set forth in MCR 2.313(B), including the exclusion of the expert's testimony at trial. MCR 2.302(E)(2); *LaCourse v Gupta*, 181 Mich App 293, 296; 448 NW2d 827 (1989). Under the court rules, it was plaintiff's affirmative responsibility to answer defendant's interrogatories regarding Dr. Shiener and to supplement his answers, rather than withhold the report until trial.[2] *Id.* at 295-296. An order to compel supplementation was not a prerequisite to excluding this expert evidence. *Id.* at 296-297. Under the facts of this case,

---

[2] Also, plaintiff's offer to permit defendant to question Dr. Shiener at the doctor's deposition in a different yet related case is irrelevant to this Court's decision regarding this issue.

we find that the trial court abused its discretion in permitting plaintiff to withhold Dr. Shiener's evaluation without sanctions until one business day before trial when defendant would have little time to address or rebut the doctor's opinions before trial. Our review of the record leads us to believe that plaintiff's failure to timely present defendant with a copy of Dr. Shiener's evaluation until the day before trial may have been wilful, and but for defendant's motion in limine, plaintiff would have withheld the evaluation and called Dr. Shiener as a witness at trial. See *Barlow v John Crane-Houdaille, Inc*, 191 Mich App 244, 251-252; 477 NW2d 133 (1991). On the other hand, defendant had discovery rights that it could have exercised had it been concerned about Dr. Shiener's possible testimony. Nonetheless, because plaintiff clearly violated the discovery rules and caused defendant to at least file a motion in limine, the trial court abused its discretion in not sanctioning plaintiff. *LaCourse, supra* at 296; MCR 2.313(B)(2)(b). We therefore remand for a hearing to assess reasonable sanctions for the violation.

III

Defendant further challenges the trial court's denial of its request to admit into evidence an audit report on the bills Ann Arbor Rehabilitation Services generated with respect to plaintiff. We find that the trial court did not abuse its discretion when it excluded from evidence an audit report that defendant had prepared in anticipation of litigation. See *Cleary v Turning Point*, 203 Mich App 208, 210; 512 NW2d 9 (1994). Given that defendant failed to make Martha Shipley, the nurse who wrote the audit report, available for

cross-examination, the court properly excluded the
report as hearsay and as a report that was not kept in
the course of a regularly conducted business activity.
MRE 801, 803(6). See *Slayton v Michigan Host, Inc*,
144 Mich App 535, 552-553; 376 NW2d 664 (1985).

IV

Defendant also challenges the trial court's decision
to award as taxable costs the cost that plaintiff
incurred in procuring copies of plaintiff's medical and
other records that were not introduced at trial.
Although we find that the trial court abused its dis-
cretion when it awarded costs to plaintiff with
respect to documents that plaintiff obtained from pri-
vate entities, we recognize that there is a dearth of
case law in this complex area. See *Herrera v Levine*,
176 Mich App 350, 356-357; 439 NW2d 378 (1989).
MCR 2.625(A)(1) states that "[c]osts will be allowed
to the prevailing party in an action, unless prohibited
by statute or by these rules or unless the court
directs otherwise, for reasons stated in writing and
filed in the action." The power to tax costs is not
unlimited; rather, it is wholly statutory. *Herrera*,
*supra* at 357. Indeed, the prevailing party cannot
recover costs where there exists no statutory author-
ity for awarding them. *Id.* We agree with the commen-
tators' analysis of the interplay between the concepts
of "costs" and "expenses" with respect to MCR 2.625
as set forth in 3 Martin, Dean & Webster, Michigan
Court Rules Practice (3d ed), pp 720-721:

> While "expenses" is used by the Michigan Court Rules in
> its generic sense, i.e., the reasonable charges, costs, and
> expenses incurred by the party directly relating to the litiga-

tion, "costs" or "taxable costs" are strictly defined by stat-
ute, and the term is not as broad. . . .

   MCR 2.625(A) states the starting presumption, that in any
action or proceeding, whether legal or equitable, costs shall
be allowed as a matter of course to the prevailing party.
This does not mean, of course, that every expense incurred
by the prevailing party in connection with the proceeding
may be recovered against the opposing party. The term
"costs" as used [in] MCR 2.625(A) takes its content from the
statutory provisions defining what items are taxable as
costs.

   Plaintiff asserts that MCL 600.2405(1); MSA
27A.2405(1) and MCL 600.2549; MSA 27A.2549 provide
the statutory basis for his recovery of costs relating
to copies of certain records that plaintiff's experts
allegedly used to prepare for trial. We find that none
of the records referenced in plaintiff's briefs or sub-
mitted into evidence qualifies under MCL 600.2405(1);
MSA 27A.2405(1) as "[a]ny of the fees of officers, wit-
nesses, or other persons mentioned in this chapter or
in chapter 25 [i.e., MCL 600.2501 *et seq.*; MSA
27A.2501 *et seq.*], unless a contrary intention is
stated."

   Likewise, MCL 600.2549; MSA 27A.2549 provides
for the taxation of costs related to (a) reasonable and
actual fees paid for depositions of witnesses that
were filed with the clerk, and (b) "for the *certified
copies* of documents or papers *recorded or filed in
any public office*" as long as the depositions were
read into evidence or "the documents or papers were
necessarily used." (Emphasis added.) Any documents
that were not "recorded or filed in any public office"
or "necessarily used" are therefore outside the ambit
of MCL 600.2549; MSA 27A.2549, including the copies

of records from Ann Arbor Rehabilitation and any other similar facilities.

On remand, therefore, the trial court should determine whether records (such as the records from the Lenawee Social Security Office) that form the basis for plaintiff's request for taxable costs (1) are documents obtained from a public office, (2) are "certified copies," i.e., "cop[ies] of a document or record, signed and certified as a true copy by the officer to whose custody the original is intrusted,"[3] *and* (3) were "necessarily used" at trial. *Herrera, supra* at 358. Thus, for any document that does not fulfill all three prerequisites, plaintiff cannot tax costs for that document under MCL 600.2549; MSA 27A.2549, and the trial court abused its discretion by taxing these litigation expenses without statutory authority. Cf. 28 USC 1920(4) ("A judge or clerk of any court of the United States may tax as costs . . . [f]ees for exemplification and copies of papers necessarily obtained for use in the case.").

V

Defendant also argues that the trial court erred in awarding plaintiff prejudgment interest on those claims that existed at the time plaintiff filed his complaint because the jury found that no benefits were overdue. On cross appeal, plaintiff argues that the trial court erred in granting prejudgment interest only on medical expenses incurred before the complaint was filed instead of on the entire amount of medical expenses from the date of his complaint. We review de novo the award of prejudgment interest pursuant

---

[3] Black's Law Dictionary (6th ed), p 228.

to MCL 600.6013; MSA 27A.6013. *McKelvie v Automobile Club Ins Ass'n,* 203 Mich App 331, 337-340; 512 NW2d 74 (1994). With respect to those claims against defendant existing before the filing of the complaint, we find that plaintiff was entitled to prejudgment interest from the date of the complaint to the date that judgment was entered. For all claims arising after the complaint was filed, however, plaintiff may recover prejudgment interest from each date that defendant refused to pay benefits, i.e., the date of delay, until the date that judgment was entered.

MCL 600.6013; MSA 27A.6013 entitles a prevailing party in a civil action to prejudgment interest from the date the complaint was filed to the entry of judgment. *Old Orchard by the Bay Associates v Hamilton Mutual Ins Co,* 434 Mich 244, 252-253, 256; 454 NW2d 73 (1990); *McKelvie, supra* at 337-338. In actions to collect on insurance contracts, the award of statutory prejudgment interest both encourages settlement at an earlier time and discourages the insurer from delaying litigation solely to extend the time at which it will be required to pay. *Old Orchard, supra* at 253; *McKelvie, supra* at 339.

For claims that arise after the complaint is filed, however, it is erroneous to award prejudgment interest from the date of the complaint because "[s]uch an award exceeds the purpose of compensating for a delayed payment, overcompensates for the related litigation, and departs from the purpose of providing an incentive for prompt settlement by both imposing a penalty upon the defendant and conferring a favor upon the plaintiff." *McKelvie, supra* at 339. Rather, prejudgment interest regarding subsequent claims would be properly awarded from the "date of delay,"

i.e., the postcomplaint date on which the insurer refused to pay and the delay in receiving money began. *Id.* at 334, 339-340.

In the case at bar, the trial court awarded prejudgment interest on all claims that had occurred before and on the date that plaintiff filed his complaint, but it refused to order interest on those claims that arose after the complaint was filed. We agree that plaintiff is entitled to prejudgment interest for all rehabilitation bills that were due and owing but that defendant refused to pay as of the date that plaintiff filed his complaint. In this situation, the interest will be calculated from the date the complaint was filed to the date the judgment was entered. *Id.*; MCL 600.6013; MSA 27A.6013.

We disagree, however, with the court's conclusion that plaintiff was not entitled to any other prejudgment interest. *McKelvie, supra* at 333, 339-340, establishes that plaintiff is entitled to additional prejudgment interest from the date that defendant refused to pay bills as they became due after the complaint was filed, not from the date that plaintiff filed his complaint. This way, plaintiff cannot receive retroactive interest on rehabilitation bills that were neither incurred nor due when the complaint was filed. *Id.* On remand, the trial court should recalculate plaintiff's prejudgment interest accordingly.

VI

Next, defendant challenges the trial court's award of mediation sanctions and the amount of those sanctions on the basis that the jury verdict plus assessable costs and interest did not exceed the mediation evaluation by more than ten percent. A trial court's award

of attorney fees is reversible only if it constitutes an abuse of discretion. *Haberkorn v Chrysler Corp*, 210 Mich App 354, 379-380; 533 NW2d 373 (1995). Given our prior rulings on the award of taxable costs and prejudgment interest, however, we must vacate the mediation award and instruct the trial court to recalculate the verdict for purposes of MCR 2.403(O).[4]

The mediation panel unanimously awarded $17,573.75 in plaintiff's favor on October 14, 1993. Assuming that plaintiff raised the same issues at mediation and at trial,[5] the court should add to the $17,500 jury verdict all assessable costs, including costs taxable in a civil action and a reasonable attorney fee incurred from the date of mediation, as well as any interest on the verdict amount from the date the complaint was filed to the date of the mediation evaluation, in order to determine whether plaintiff improved his position at trial by more than ten percent, i.e., plaintiff received more than $19,331.12. MCR 2.403(O)(3), (6). If so, plaintiff is entitled to his actual costs, including attorney fees,[6] pursuant to MCR 2.403(O). See also *Haberkorn, supra*.

VII

Finally, defendant argues that the trial court erred in denying defendant's motion for attorney fees pursu-

---

[4] As an aside, we agree with defendant that the trial court's award of $22,500 in attorney fees was clearly erroneous because plaintiff conceded that he presented the court with evidence to support only $18,675 in attorney fees ($150 an hour for 124.5 hours) and the court stated that some of the time that plaintiff's attorneys submitted for reimbursement was not properly assessable. This miscalculation should also be addressed on remand.

[5] See *McCarthy v Auto Club Ins Ass'n*, 208 Mich App 97, 102; 527 NW2d 524 (1994).

[6] See n 3, *supra*.

ant to MCL 500.3148(2); MSA 24.13148(2) because
defendant received a directed verdict with respect to
plaintiff's claims for wage loss and replacement ser-
vice benefits, making these claims fraudulent and
unreasonable. See *Nelson* v *DAIIE*, 137 Mich App 226,
237; 359 NW2d 536 (1984). MCL 500.3148(2); MSA
24.13148(2) provides in pertinent part:

> An insurer may be allowed by a court an award of a rea-
> sonable sum against a claimant as an attorney's fee for the
> insurer's attorney in defense against a claim that was in
> some respect fraudulent or so excessive as to have no rea-
> sonable foundation.

Generally, the decision to award or deny attorney
fees is reviewed for an abuse of discretion.
*Haberkorn, supra; Cleary, supra* at 210-211. A trial
court's findings regarding the fraudulent, excessive,
or unreasonable nature of a claim should not be
reversed on appeal unless they are clearly erroneous.
Accord *McCarthy v Auto Club Ins Ass'n*, 208 Mich
App 97, 103; 527 NW2d 524 (1994); *McKelvie, supra* at
335.

Here, the trial court denied defendant's request
because plaintiff's claims for wage loss and replace-
ment service were not unreasonable, given plaintiff's
treatment of those claims before and during trial.
Upon reviewing the record, we believe that the trial
court was not clearly erroneous in its finding of rea-
sonableness. The absence of any jury instructions or
verdict form questions regarding these damages as
well as plaintiff's statements during opening argu-
ments that he was not seeking wage-loss benefits and
plaintiff's interrogatory answers that he may not be
entitled to these benefits evidenced that plaintiff had

abandoned his claim to these benefits. Moreover, defendant could not establish how much of the $31,000 it expended in attorney fees was directly attributable to defending against these claims. We therefore find no clear error.

VIII

On cross appeal, plaintiff also challenges the trial court's refusal to award attorney fees pursuant to MCL 500.3148(1); MSA 24.13148(1). In light of the jury's finding that no benefits were overdue and that no-fault penalty interest should not be assessed against defendant, pursuant to MCL 500.3142(2); MSA 24.13142(2), the court denied plaintiff's request even though the court believed that defendant's denial of benefits was unreasonable. We review the trial court's decision to award or deny attorney fees under MCL 500.3148(1); MSA 24.13148(1) for clear error. *McCarthy, supra; McKelvie, supra* at 334-335. In other words, if the trial court's finding of unreasonable refusal or delay pursuant to MCL 500.3148(1); MSA 24.13148(1) is clearly erroneous, it will be reversed on appeal. *McCarthy, supra.* We hold that the court's decision to deny plaintiff's request for no-fault attorney fees was not clearly erroneous.

MCL 500.3148(1); MSA 24.13148(1) provides as follows:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are *overdue*. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [Emphasis added.]

The purpose of the no-fault act's attorney-fee penalty provision is to ensure prompt payment to the insured. *McKelvie, supra* at 335. If the insurer's refusal or delay in payment is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty, the refusal or delay will not be found unreasonable under MCL 500.3148(1); MSA 24.13148(1). *McCarthy, supra; McKelvie, supra.* Where such a delay or refusal exists, however, a rebuttable presumption of unreasonableness arises, and the insurer has the burden of justifying the refusal or delay. *McKelvie, supra.*

Our research has revealed no cases addressing whether the jury's finding that personal protection insurance (PIP) benefits were not overdue for purposes of MCL 500.3142; MSA 24.13142[7] would preclude a finding that PIP benefits were overdue for purposes of MCL 500.3148(1); MSA 24.13148(1). Nevertheless, we believe that a contrary interpretation would contravene the clear language of MCL 500.3148(1); MSA 24.13148(1). When the language of a statute is clear, we presume that the Legislature intended the meaning plainly expressed and we will not engage in judicial interpretation of the statute. *Piper v Pettibone Corp*, 450 Mich 565, 571-572; 542 NW2d 269 (1995); *Bommarito v Detroit Golf Club*, 210 Mich App 287, 291; 532 NW2d 923 (1995). Indeed, where two statutes address the same subject, they should be read harmoniously to give reasonable effect to both. See *Piper, supra; Bommarito, supra* at 292. We cannot construe the term "overdue" in MCL

---

[7] ·This section provides that benefits are overdue "if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained."

500.3148(1); MSA 24.13148(1) in a manner that renders it mere surplusage or nugatory. *Bommarito, supra* at 292-293.

Accordingly, in the absence of a contrary statutory definition of the term "overdue," we find that the jury's determination that plaintiff's benefits were not "overdue" for purposes of the no-fault penalty interest provision, MCL 500.3142; MSA 24.13142, precluded the trial court from awarding plaintiff his attorney fees pursuant to MCL 500.3148(1); MSA 24.13148(1) because the attorney fees are only payable where personal or property protection insurance benefits are "overdue." As an aside, while our decision renders moot the issue whether defendant acted unreasonably, we disagree with the trial court's finding in this regard given the fact that defendant had previously paid on plaintiff's behalf over $41,000 in no-fault benefits as a result of the 1988 accident. Also, plaintiff's prior closed head injury and his original levels of cognitive function raised bona fide factual uncertainties with respect to plaintiff's entitlement to continued vocational counseling and psychiatric, psychological, and traumatic-brain-injury therapy.

Affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this Court's opinion. We do not retain jurisdiction.

DOCTOROFF, C.J., concurred.

MICHAEL J. KELLY, J. (*concurring in part and dissenting in part*). I concur in part and dissent in part. I join in the majority opinion in parts I, III, IV, V, VI, VII, and VIII, but dissent with respect to part II, with regard to which I would affirm the decision of the trial court.

In finding an abuse of discretion for failure to sanction plaintiff's counsel, the majority cites a delay of little more than two weeks' time between receipt by plaintiff's counsel of Dr. Shiener's report, November 18, 1993, and the furnishing of that report to defense counsel on December 2, 1993. In the course of preparing for trial, such a delay is not unreasonable and does not evidence bad faith that warrants sanctions. Despite the report's receipt in proximity to the trial, defendant had ample time to review the information and proceed as scheduled.

The majority cites MCR 2.302(E)(1)(a)(ii) as supporting its finding that Dr. Shiener's testimony should have been excluded under the sanctions of MCR 2.313(B). However, under MCR 2.302(E)(1)(a), a party has a "duty *seasonably* to supplement" responses; otherwise, under MCR 2.302(E)(2), upon finding a failure to do so, the court "*may* enter an order as is just," including the sanctions of MCR 2.313(B) that may exclude the testimony. (Emphasis added.) Although the court "*shall*" impose reasonable expenses, including attorney fees, upon the noncomplying party, the mandatory imposition of expenses is struck upon the trial court's finding that such a failure to seasonably supplement is "substantially justified or other circumstances make an award of expenses unjust." MCR 2.313(B)(2). (Emphasis added.)

Both cases cited by the majority involved the imposition of sanctions following a long history of egregious discovery violations not found in the case at bar. The first featured a plaintiff who, months after the expiration of the local court rule deadline, had not filed a witness list and additionally failed to answer interrogatories about *any* witness for more

than one year. *LaCourse v Gupta*, 181 Mich App 293; 448 NW2d 827 (1989). Unlike the court's finding in *LaCourse* that the defendant was unable to conduct a defense because of the plaintiff's "extreme and extraordinary neglect," in this case, because plaintiff *did* supplement his answers in advance of trial (only two weeks after receiving this information himself), no court rules were defied, nor were orders to compel issued before supplementation was received; moreover, any such delay would not have posed any unusual hardship upon defendant in preparing for trial. *Id.* at 295.

The second case relied upon by the majority dealt with dismissal of an action because of the plaintiff's violation of a direct order of the court involving discovery matters. *Barlow v John Crane-Houdaille Inc*, 191 Mich App 244; 477 NW2d 133 (1991). The trial court there noted how the defendant was significantly prejudiced by the late receipt of materials necessary for mediation hearings and summary disposition motion deadlines. *Id.* at 252. Clearly, no court orders were violated here, and the majority's skepticism of plaintiff's motives for this short delay is merely speculative.

I find no abuse of discretion and hence would affirm. The trial court is in the best position to evaluate the modest delay regarding disclosure of the proposed testimony of Dr. Shiener, and, since that court has already done so, there is no need for any remand.