*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN WASENKO,

      Plaintiff/Appellant/Cross-Appellee,

v

THE AUTO CLUB GROUP,

      Defendant,

and

NABIH AYAD,

      Appellee,

and

AYAD LAW, PLLC,

      Appellee/Cross-Appellant.

FOR PUBLICATION
July 20, 2023
9:20 a.m.

No. 361452
Wayne Circuit Court
LC No. 19-016381-NF

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

YATES, J.

The cost of litigating a claim under the no-fault act, MCL 500.3101 *et seq*., can be sizable, as this case illustrates. Plaintiff, Steven Wasenko, was seriously injured in an automobile collision, so he hired an attorney, Nabih Ayad of Ayad Law, PLLC (Ayad Law), to seek personal protection insurance (PIP) benefits from his insurer. Ayad's efforts on plaintiff's behalf ultimately bore fruit in the form of a $251,523 settlement, but that resolution left open an issue of future benefits starting on July 1, 2021. Soon thereafter, a dispute arose between plaintiff and Ayad Law about the firm's right to attorney fees for future attendant-care benefits plaintiff received. The trial court concluded that Ayad Law's contingent-fee agreement with plaintiff entitled Ayad Law to obtain one-third of the attendant-care benefits provided to plaintiff for a period of three years. Plaintiff and Ayad Law were dissatisfied with that result, so both of them appealed. On appeal, plaintiff insists Ayad Law is not entitled to any fees for future attendant-care benefits, whereas Ayad Law contends that it is

entitled to one-third of the attendant-care benefits in perpetuity. Because we believe that the trial court incorrectly relied on MCL 500.3148(4), rather than contract principles, to resolve the dispute, we must vacate the trial court's decision and remand the case for further consideration.

## I. FACTUAL BACKGROUND

On November 14, 2000, plaintiff suffered catastrophic injuries in a motor-vehicle collision that left him paralyzed from the waist down. More than a decade later, in 2011, plaintiff suffered a life-threatening infection that he described as a complication from the injuries that he sustained in the 2000 collision. The infection caused a perpetually open wound that prevented plaintiff from working and required in-home attendant care. Beginning in June 2011, defendant, The Auto Club Group (Auto Club), paid for plaintiff's enhanced care. But on March 1, 2019, Auto Club stopped making those payments due to plaintiff's alleged fraud.

After Auto Club cut off payments for plaintiff's attendant-care benefits based on purported fraud, plaintiff retained attorney Ayad and his law firm, Ayad Law, to seek relief. Ayad then filed a complaint on December 6, 2019, acting as plaintiff's attorney under a contingent-fee agreement. After two years of litigation, Ayad settled plaintiff's case against Auto Club for $251,523, which covered all of plaintiff's claims up to July 1, 2021, and took the issue of alleged fraud by plaintiff off the table. As a result, the matter of attendant-care benefits beginning on July 1, 2021, remained unresolved despite the settlement negotiated between plaintiff and Auto Club. In fact, Ayad stated on the record at the time the settlement was memorialized that plaintiff intended to file a separate lawsuit to address the retroactivity of an amendment to the no-fault act that was in dispute.[1]

After execution of the settlement agreement, attorney Ayad wrote to plaintiff asserting that Ayad and his firm had an attorney's lien on all future payments to plaintiff for attendant care. That claim was presented to the trial court for resolution when Auto Club moved to reopen plaintiff's no-fault case to obtain an "order of proper distribution of benefits pursuant to MCL 500.3112." In response to that motion, the trial court issued an order on May 17, 2022, that granted Ayad Law's motion to withdraw as plaintiff's counsel, denied plaintiff's motion to quash Ayad Law's lien, but decreed "that pursuant to MCL 500.3148(4), Ayad Law, PLLC's charging lien is limited to three years." Neither plaintiff nor Ayad and his law firm were satisfied with that result, so plaintiff filed an appeal and Ayad and his law firm filed a cross-appeal bringing the entire fee dispute before this Court.

## II. LEGAL ANALYSIS

"A fee agreement between an attorney and a client is a contract." *Souden v Souden*, 303 Mich App 406, 416; 844 NW2d 151 (2013). Therefore, a "fee or retainer agreement . . . is subject

---

[1] In 2021, *Andary v USAA Cas Ins Co*, ___ Mich App ___; ___ NW2d ___ (Docket No. 356487) was pending in this Court. In a published opinion issued on August 25, 2022, we determined that benefits under the no-fault act for injuries that occurred before legislative amendments to that act went into effect were not impacted by those amendments. Our Supreme Court thereafter granted leave to appeal, *Andary v USAA Cas Ins Co*, 510 Mich 944; 979 NW2d 823 (2022), and the case is now pending in that Court.

to the law of contracts." *Kalisek Estate v Durfee*, 322 Mich App 142, 149; 910 NW2d 717 (2017). Accordingly, an attorney and a client "are free to contract as they see fit, and courts must enforce contracts as written unless they are in violation of law or public policy." *Edmore Village v Crystal Automation Sys, Inc*, 322 Mich App 244, 263; 911 NW2d 241 (2017). But "contracts that violate our ethical rules violate our public policy and therefore are unenforceable." *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 196; 650 NW2d 364 (2002). Similarly, an agreement that violates the laws of Michigan is unenforceable as written. *1031 Lapeer LLC v Rice*, 290 Mich App 225, 231; 810 NW2d 293 (2010).

The contingent-fee agreement plaintiff and Ayad Law signed in November 2019 provided that "as compensation for services rendered by attorney Client will pay a fee contingent on any net recovery as follows: One third of the entire recoveries after outstanding debts are deducted." Also, that contingent-fee agreement entitled Ayad Law to a lien "upon Client's cause of action, claim or counterclaim." Thus, as a matter of contract, Ayad Law could plausibly claim as its fee one-third "of the entire recoveries" it obtained for plaintiff, meaning one-third of all attendant-care payments made to plaintiff by Auto Club. Conversely, plaintiff could plausibly assert that Ayad Law had a contractual right limited to one-third of the $251,523 in settlement proceeds that flowed from the resolution of the lawsuit that Ayad Law filed on plaintiff's behalf. The trial court would therefore have to choose between those two positions as a matter of contract law. And because there may be an ambiguity in the governing language of the contingent-fee agreement,[2] the trial court might be able to consider extrinsic evidence in making that choice. *Kendzierski v Macomb Co*, 503 Mich 296, 311; 931 NW2d 604 (2019).

The trial court chose a different path. Citing an attorney-fee provision in the no-fault act, MCL 500.3148(4), the trial court ruled that Ayad Law's "charging lien is limited to three years." According to MCL 500.3148(4):

> For a dispute over payment for allowable expenses under section 3107(1)(a) for attendant care or nursing services, attorney fees must not be awarded in relation to future payments ordered more than 3 years after the trial court judgment or order is entered.

The trial court framed the entire dispute over attorney fees as a matter that had to be resolved under that language. But considered in the broader context of the entire statute, the trial court's reliance on only subsection (4) of MCL 500.3148 to arrive at its decision is unsustainable.

For decades, MCL 500.3148 did not include subsection (4), which was not added until June 2019. See 2019 PA 21. Prior to its amendment in 2019, MCL 500.3148 was universally regarded as a "penalty provision" designed to ensure that an insurer promptly pays its insured. *Ross v Auto Club Group*, 481 Mich 1, 11; 748 NW2d 552 (2008). Indeed, the first subsection of the statute—MCL 500.3148(1)—constitutes "an exception to the American rule, which provides that attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set

---

[2] "A contractual term is ambiguous on its face only if it is equally susceptible to more than a single meaning." *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 40; 892 NW2d 794 (2017).

forth in a statute or court rule expressly authorizing such an award." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274-275; 884 NW2d 257 (2016) (quotation marks and citation omitted). As MCL 500.3148(1) makes clear, the "attorney's fee [under the statute] is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." Thus, that language contemplates attorney fees paid by "the insurer," as opposed to the insured. With the addition of subsection (4) to MCL 500.3148, our Legislature placed a cap on the penalty of attorney fees against the insurer. That cap is expressed in MCL 500.3148(1), which now makes the penalty provision of the statute "[s]ubject to subsections (4) and (5)" of MCL 500.3148. See MCL 500.3148(1).

To apply MCL 500.3148(4) to cap the amount of attorney fees that plaintiff's attorneys can recover from their clients in PIP cases under the no-fault act is to pound a round peg into a square hole. When plaintiff's attorneys recover fees from their clients in PIP cases, that recovery of fees manifestly does not constitute a "penalty," as contemplated by our Supreme Court. See *Ross*, 481 Mich at 11. Our decision in *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612; 550 NW2d 580 (1996), illustrates the salient distinction between attorney fees recovered from an insurer and attorney fees recovered from a plaintiff's attorney's own client in a PIP case under the no-fault act. There, plaintiff sought attorney fees from his insurer under MCL 500.3148(1), but we affirmed the trial court's denial of all requested attorney fees because the jury had found "that no [PIP] benefits were overdue[.]" *Id*. at 628. If we applied that same statutory language from MCL 500.3148(1) to Ayad Law's request for attorney fees, Ayad Law would be entitled to no fees whatsoever from its own client because no portion of plaintiff's claim for future PIP benefits for attendant care was "overdue," as required by MCL 500.3148(1). Applying the penalty provision of the statute in that manner makes no sense, so application of the cap on penalty-provision attorney fees prescribed by MCL 500.3148(4) likewise makes no sense. Instead, we are convinced that MCL 500.3148 in all of its subsections applies only to "penalty provision" attorney fees recovered from insurers, rather than attorney fees recovered by plaintiff's attorneys from their own clients in PIP cases under the no-fault act.

Having decided that MCL 500.3148(4) has no bearing on the amount of attorney fees that Ayad Law can recover from plaintiff for future attendant-care benefits, we have no choice but to vacate the trial court's award of capped attorney fees to Ayad Law. We must remand the case for additional consideration of Ayad Law's attorney-fee request under the contract principles that we have laid out in this opinion. Because there is no restriction on the fee agreement imposed by any Michigan statute, the trial court must decide the case based entirely on contract principles unless it concludes that the contract is unenforceable. See, e.g., *Evans & Luptak*, 251 Mich App at 196 (holding that an " 'unethical fee agreement' " is unenforceable as a matter of public policy).

Vacated and remanded for further consideration. We retain jurisdiction.

/s/ Christopher P. Yates
/s/ Noah P. Hood

-4-

# Court of Appeals, State of Michigan

## ORDER

Steven Wasenko v The Auto Club Group

Docket No. 361452

LC No. 19-016381-NF

Noah P. Hood
Presiding Judge

Douglas B. Shapiro

Christopher P. Yates
Judges

For the reasons detailed in the opinion issued concurrently with this order, the Court VACATES the May 17, 2022 order capping attorney fees and costs awarded to Ayad Law, and REMANDS this matter to the Wayne Circuit Court for a redetermination of reasonable attorney fees and costs to which defense counsel is entitled. The redetermination shall be supported by factual and legal findings sufficiently detailed to allow meaningful appellate review. We retain jurisdiction.

Upon the expiration of the 42-day period in which to file an application for leave to appeal in the Supreme Court, MCR 7.305(D)(5), the trial court shall reconsider the attorney fee and costs issues. The trial court's findings on remand may be rendered orally from the bench or in a written opinion. Proceedings on remand shall be given priority until they are concluded. Within seven days after entry of a new order awarding reasonable attorney fees and costs, appellant shall file with this Court a copy of that order and the written findings if the findings are memorialized in writing. The transcripts of all proceedings on remand shall be prepared and filed within 21 days after the completion of the proceedings.

Any party may file a supplemental brief pertaining to the issues raised on remand within 21 days after entry of the trial court's order deciding the matter or 21 days after the transcript of the hearing is filed, whichever is later. The responsive party may file a supplemental brief in reply. Alternatively, the parties may file a stipulation to dismiss the appeal.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 20, 2023
Date

Chief Clerk