M & S, INC v ATTORNEY GENERAL

Docket No. 94867. Submitted November 5, 1987, at Lansing. Decided
    December 21, 1987.

Following the Secretary of State's investigation into fraudulent
    practices by various automobile transmission shops in Michi-
    gan, the Secretary of State summarily suspended the operator
    and mechanic licenses of plaintiffs, M & S, Inc., doing business
    as A-1 Transmission, and Michael Senkowski, and issued a
    cease and desist order directed at the transmission repair
    facility in Saginaw County. Plaintiffs thereafter filed a com-
    plaint in the Saginaw Circuit Court against defendants, the
    Attorney General and the Secretary of State, seeking a tempo-
    rary restraining order and preliminary injunction and seeking
    superintending control or mandamus and motions for orders to
    show cause. The court issued a temporary restraining order
    which enjoined the Secretary of State from enforcing the
    summary suspension and cease and desist orders. The Attorney
    General and Secretary of State then filed a motion to dissolve
    the temporary restraining order. Jack Kaster and Mark Gentel
    were allowed to intervene as party plaintiffs. The court, Fred J.
    Borchard, J., then denied defendants' motion to dissolve the
    temporary restraining order and entered a preliminary injunc-
    tion to prevent defendants from enforcing the orders. Defen-
    dants appealed by leave granted.

    The Court of Appeals held:

    1. The Secretary of State's summary suspension and cease
    and desist orders are authorized by statute and are constitu-
    tional.

    2. Plaintiffs' due process rights are not violated by use of
    summary suspensions. Such rights were adequately protected.

    3. The Secretary of State is not limited to the remedies
    available under the Motor Vehicle Service and Repair Act and

REFERENCES

Am Jur 2d, Licenses and Permits §§ 58, 59.
Validity of statute or rule which makes specified conduct or condi-
    tion a ground for cancellation or suspension of license, irrespec-
    tive of licensee's personal fault. 3 ALR2d 107.

may avail himself of the additional remedies available under the Administrative Procedures Act.

4. The trial court erred in granting the preliminary injunction. The preliminary injunction is dissolved.

Reversed.

1. Motions and Orders — Temporary Cease and Desist Orders — Motor Vehicle Service and Repair Act.

Temporary cease and desist orders issued without a hearing are allowed under the Motor Vehicle Service and Repair Act (MCL 257.1321[2]; MSA 9.1720[21][2]).

2. Administrative Law — Administrative Procedures Act — Licenses.

The Secretary of State may summarily suspend the operator and mechanic licenses of an automobile transmission repair facility in compliance with the Administrative Procedures Act (MCL 24.292; MSA 3.560[192]).

3. Administrative Law — Licenses — Due Process.

Agencies may, consistent with the principles of due process, summarily suspend a license without hearing if necessary to protect the public interest.

4. Administrative Law — Motor Vehicle Service and Repair Act — Administrative Procedures Act.

The Secretary of State may avail himself of the remedies available under both the Motor Vehicle Service and Repair Act and the Administrative Procedures Act to protect the public from unscrupulous activities of persons licensed under the repair act (MCL 24.201 et seq., 257.1301 et seq.; MSA 3.560[101] et seq., 9.1720[1] et seq.).

5. Injunctions — Preliminary Injunctions.

The question whether a preliminary injunction should issue is determined by a four-factor analysis: harm to the public interest if an injunction issues; whether harm to the applicant in the absence of a stay outweighs the harm to the opposing party if a stay is granted; the strength of the applicant's demonstration that the applicant is likely to prevail on the merits; and demonstration that the applicant will suffer irreparable injury if a preliminary injunction is not granted; this inquiry often includes the consideration whether an adequate legal remedy is available to the applicant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frederick H. Hof-*

*fecker, Janice B. Levine* and *Thomas A. Hallin,* Assistant Attorneys General, for defendants.

Before: CYNAR, P.J., and SAWYER and J. A. GIL-LIS,* JJ.

SAWYER, J. This action arises out of the Secretary of State's summary suspension of plaintiffs' operator and mechanic licenses and a cease and desist order directed at an automobile transmission repair facility in Saginaw County. Plaintiffs sought an injunction in the circuit court to stay enforcement of the summary suspensions. The circuit court issued a temporary restraining order and thereafter a preliminary injunction against defendants, prohibiting them from enforcing the suspension orders. Defendants now appeal by leave granted and we reverse.

Briefly, this case originated with the Secretary of State's investigation of several automobile transmission repair facilities in the state. In the instant case, two different state investigators drove automobiles into plaintiffs' facility on July 1, 1986. Both automobiles had been previously certified as being in proper working order. However, the investigators were informed by employees of the facility that the cars suffered from mechanical problems, involving the transmission of one car and the drive train of the second car, which required substantial repairs. As a result the investigations, the Secretary of State summarily suspended the licenses.

I

Defendants' first argument, that the trial court

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

erred by entering a writ of mandamus directing defendant Secretary of State to perform a discretionary act, is without merit. Although plaintiffs did seek such a writ, among other forms of relief, the circuit court issued a restraining order and not a writ of mandamus.

II

Defendants next argue that the Secretary of State's summary suspension and cease and desist orders are authorized by statute and are constitutional. We agree.

Temporary cease and desist orders issued without hearing are allowed under the Motor Vehicle Service and Repair Act. MCL 257.1321(2); MSA 9.1720(21)(2) provides as follows:

> If the department makes a finding of fact in writing that the public interest will be irreparably harmed by delay in issuing an order, it may issue a temporary cease and desist order. Prior to issuing the temporary cease and desist order, the administrator when possible by telephone or otherwise shall give notice of the proposal to issue a temporary cease and desist order to the facility. A temporary cease and desist order shall include in its terms a provision that upon request a hearing shall be held within 30 days to determine whether or not the order shall become permanent.

It appears that the Secretary of State properly complied with the statutory procedure. Therefore, the Secretary of State acted within the authority granted by statute to issue such a cease and desist order.

With respect to the summary suspension of the licenses, defendants direct our attention to the Administrative Procedures Act, MCL 24.201 *et*

*seq.*; MSA 3.560(101) *et seq.* Specifically, MCL 24.292; MSA 3.560(192) provides in pertinent part as follows:

> If the agency finds that the public health, safety or welfare requires emergency action and incorporates this finding in its order, summary suspension of a license may be ordered effective on the date specified in the order or on service of a certified copy of the order on the licensee, whichever is later, and effective during the proceedings. The proceedings shall be promptly commenced and determined.

Again, it appears that the Secretary of State fully complied with the above statutory requirements. Accordingly, the Secretary of State possessed statutory authority to summarily suspend the licenses. See also *Berlin & Farro Liquid Incineration, Inc v Dep't of Natural Resources,* 80 Mich App 490; 264 NW2d 37 (1978).[1]

Furthermore, defendants correctly point out that plaintiffs' due process rights are not violated by use of summary suspensions. Agencies may, consistent with the principles of due process, summarily suspend a license without hearing if necessary to protect the public interest. See *Rogers v Bd of Ed, Trenton Public Schools,* 61 Mich App 682; 233 NW2d 141 (1975). Naturally, the proceedings may not stop with the issuance of a summary suspension. However, in the case at bar, the Secretary of State's administrative orders specifically notified plaintiffs that a hearing would be held within thirty days to determine if the orders should be made permanent. Thus, plaintiffs' due process rights were adequately protected.

---

[1] A related question, whether the Secretary of State is limited to the remedies available in the Motor Vehicle Service and Repair Act, is discussed below.

III

We now turn to the issue which appears to be at the heart of the trial court's decision, namely whether the Secretary of State is limited to the remedies available under the Motor Vehicle Service and Repair Act. Defendants contend that the Secretary of State may also avail himself of the additional remedies available under the Administrative Procedures Act. We agree.

In denying defendants' motion to dissolve the temporary restraining order, and at the same time issuing a preliminary injunction, the trial court stated:

> The Court, at this time, is going to deny the motion to deny [sic] the temporary retraining [sic] order and rule that the Secretary of State must follow the provisions of the Michigan Motor Service Repair Act [sic] in conducting a hearing on the charges as made if it desires to suspend, revoke the registration or the certificate or permit of the plaintiff in this case.

We disagree with the trial court's conclusion that defendants are limited to the procedures and remedies set forth in the Motor Vehicle Service and Repair Act. We agree with defendants that the remedies and procedures established by the Administrative Procedures Act are also applicable to this case.

The Motor Vehicle Service and Repair Act supersedes other legislation only to the extent that the repair act is in conflict with a more general statute. See *Hengartner v Chet Swanson Sales, Inc,* 132 Mich App 751; 348 NW2d 15 (1984). We believe that the provisions of the two acts in question are complementary, not conflicting. Both the repair act and the APA have nonconflicting

provisions for emergency suspension of licenses and registrations and unlawful practices. The two statutory schemes present a cohesive method for the Secretary of State to take emergency action, where warranted, to protect the public interest. Not only is there no conflict between the two on this point, the two statutes work together to protect the public from unscrupulous activities of persons licensed under the repair act.

For these reasons, we conclude that the Secretary of State is not limited to the procedures and remedies established under the repair act.

IV

Finally, defendants argue that, even if injunctive relief was an available remedy, the trial court erred in granting that relief in this case. We agree. The Supreme Court considered the propriety of issuing a preliminary injunction to prevent the discharge of a civil service employee pending a final resolution of the case in *Michigan State Employees Ass'n v Dep't of Mental Health,* 421 Mich 152, 157-158; 365 NW2d 93 (1984):

Whether a preliminary injunction should issue is determined by a four-factor analysis: harm to the public interest if an injunction issues; whether harm to the applicant in the absence of a stay outweighs the harm to the opposing party if a stay is granted; the strength of the applicant's demonstration that the applicant is likely to prevail on the merits; and demonstration that the applicant will suffer irreparable injury if a preliminary injunction is not granted. See GCR 1963, 705.7(1)(b)(i). This inquiry often includes the consideration of whether an adequate legal remedy is available to the applicant.

Considering the above factors, only one even

arguably weighs in favor of the issuance of the preliminary injunction against defendants. That is of the harm to plaintiffs if an injunction does not issue. However, there is certainly a great deal of potential harm to the public interest by the issuance of an injunction. Moreover, the harm to plaintiffs would not be irreparable as they would be able to resume their business if the Secretary of State is unable to establish his claims after a full hearing on the issue. Furthermore, the sworn affidavits of the investigators tend to establish the fact that plaintiffs were engaged in an ongoing practice of defrauding the public by deceiving customers concerning the necessity of expensive repairs to their automobiles. While plaintiffs would be harmed by the closing of their business during the pendency of the administrative review, so would the public be harmed if plaintiffs engaged in the practices complained of and were allowed to continue to do so.

As for the likelihood that plaintiffs would prevail on the merits, we can see no such likelihood. First, our review of the arguments in the trial court indicates that plaintiffs sought injunctive relief on the premise that defendants were violating the procedural requirements established by statute rather than on the premise that plaintiffs were falsely accused of unlawful business practices. However, as discussed above, we have concluded that defendants complied with the applicable statutes. Accordingly, plaintiffs cannot prevail on that premise. Second, assuming that plaintiffs also challenge the factual basis of the Secretary of State's actions, we see little likelihood of success for plaintiffs. The record before us suggests that the Secretary of State has put together a very solid case against plaintiffs. The sworn statements tend to establish that plaintiffs told the investiga-

tors that their cars were in need of repairs when no such repairs were necessary. The automobiles were certified to be in working order both prior to the visit to plaintiffs' shop and after the visit. While the more detailed hearings could certainly bring forth defects in the Secretary of State's case, plaintiffs have not brought to our attention any such defects at this time.

Finally, we turn to the comment by the Supreme Court that the inquiry into the issuance of an injunction often includes consideration of the availability of an adequate legal remedy. In the case at bar, there existed the administrative methods for a quick review of the summary orders. By their own terms, the orders gave plaintiffs the right to a hearing on whether the orders should be made permanent, with such hearing to be held within thirty days of the issuance of the summary orders.

While we are unwilling to conclude that the circuit courts should never intervene where an administrative agency summarily suspends a license pending a full administrative review, such intervention should be exercised with great caution. Where, as here, the administrative agency is taking action authorized by statute, it appears that the agency is complying with the applicable statute, there exist facts to support the agency's actions, and the due process rights of the individual involved are being observed, the circuit court should not intervene. Rather, the administrative proceeding should be allowed to run its course. Judicial intervention during the administrative process should be limited to those cases where the agency is riding roughshod over the individual, abusing it summary powers to protect the public interest.

We are not of the opinion that defendant Secre-

tary of State in the case at bar was engaged in a witch hunt, trampling over plaintiffs' rights without justification. Rather, based upon the record before us and, for that matter, before the trial court, it would appear that the Secretary of State instigated a carefully planned and executed investigation into fraudulent practices by various transmission shops in the state. After both of the undercover investigators were told that their cars needed unnecessary repairs, the Secretary of State took swift action to protect the public, as authorized by statute. Regardless of the ultimate disposition of the matter following the administrative proceedings, the Secretary of State acted within his statutory authority in issuing the summary orders and did so only after collecting sufficient evidence to support his actions.

For the above reasons, we conclude that the circuit court erred in issuing the preliminary injunction. Rather, the circuit court should have refused to intervene and allowed the administrative proceedings to go forward unimpeded. Accordingly, the preliminary injunction entered by the circuit court, enforcement of which was stayed by this Court pending appeal, is hereby dissolved.

Reversed. No costs, a question of public importance being involved.