VAN GUILDER v COLLIER

Docket No. 223987. Submitted November 13, 2001, at Detroit. Decided December 11, 2001, at 9:00 A.M. Leave to appeal sought.

Reed J. and Lorie Ann Van Guilder brought an action in the Oakland Circuit Court against Brad Collier, seeking damages for injuries sustained by Reed when the four-wheel off-road recreation vehicle (ORV) he was operating on vacant land was struck from behind by a four-wheel ORV operated by Collier and Reed was inadvertently thrown to the ground, where he was run over by Collier's vehicle. The court, Steven N. Andrews, J., granted summary disposition in favor of Collier, finding a recklessness standard of care applicable to the action and that the allegations and evidence supported a claim of ordinary negligence only. The plaintiffs appealed.

The Court of Appeals *held*:

The standard of care applicable to this action is negligence. The judgment of summary disposition must be reversed and the matter must be remanded for further proceedings.

1. Both the off-road recreation vehicles section of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.81101 *et seq.*, and the civil liability provision of the Michigan Vehicle Code, MCL 257.401(1), apply to the operation of an ORV, which is a motor vehicle under the Michigan Vehicle Code.

2. The civil liability provision, MCL 257.401(1), allows for the imposition of liability for injury caused by ordinary negligence in the operation of a motor vehicle. The NREPA does not contain a provision that provides for civil liability arising from the operation of an ORV. The two statutes are in pari materia and should be read together as one law.

Reversed and remanded.

NEGLIGENCE — OFF-ROAD RECREATION VEHICLES.

An off-road recreation vehicle is a motor vehicle for purposes of the Michigan Vehicle Code; both the civil liability section of the Michigan Vehicle Code and the off-road recreation vehicles section of the Natural Resources and Environmental Protection Act apply to the operation of an off-road recreation vehicle; the statutes are in pari materia and, when read together as one law, provide for the impo-

sition of liability for injury caused by ordinary negligence in the operation of an off-road recreation vehicle (MCL 257.33, 257.79, 257.401[1], 324.81101 *et seq.*).

*Roy J. Transit* and *Glen A. Kampman,* for the plaintiffs.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Michael L. Updike*), for the defendant.

Before: CAVANAGH, P.J., and DOCTOROFF and JANSEN, JJ.

CAVANAGH, P.J. Plaintiffs appeal as of right from the trial court's grant of summary disposition, pursuant to MCR 2.116(C)(10), in favor of defendant in this negligence action. We reverse and remand for further proceedings.

This action arises as a consequence of injuries sustained by plaintiff,[1] Reed J. Van Guilder, while riding an off-road recreation vehicle (ORV). In July 1998, plaintiff and defendant, Brad Collier, were each riding four-wheel ORVs on vacant land. In the course of attempting to travel up a hill, plaintiff's ORV began slowing and experiencing difficulty as it neared the top of the hill. Defendant, who was riding his ORV directly behind plaintiff, gave his ORV some gas and "nudged" the rear of plaintiff's ORV in an apparent attempt to push plaintiff to the top of the hill. However, instead, plaintiff's ORV flipped over backwards, throwing plaintiff onto the ground where he landed on his back. Defendant, who was "going at a pretty good speed," proceeded to run over plaintiff. As a

---

[1] Plaintiff Lorie Ann Van Guilder alleged loss of consortium caused by her husband's injuries. Because her claim is derivative, the term "plaintiff" refers only to Reed J. Van Guilder.

consequence of the incident, plaintiff allegedly sustained injuries, including a broken neck.

Thereafter, plaintiffs filed this negligence action. The trial court, relying on *Ritchie-Gamester v Berkley*, 461 Mich 73; 597 NW2d 517 (1999), granted defendant's motion for summary disposition, holding that the standard of care for claims arising out of recreational activity is recklessness and plaintiffs' allegations, as well as the evidence, supported only a claim of ordinary negligence. The trial court also denied plaintiffs' motion to amend their complaint to include a count of recklessness, holding that such amendment would be futile because it was unsupported by the evidence. Subsequently, plaintiffs moved for reconsideration, arguing that the applicable standard of care is negligence and that *Ritchie-Gamester* was inapplicable because the operation of ORVs was not the type of "recreational activity" contemplated by the holding. The trial court denied plaintiffs' motion.

On appeal, plaintiffs argue that the trial court erred in applying a recklessness standard of care because the type of recreational activity considered in *Ritchie-Gamester* did not include the operation of motorized recreation vehicles. We agree. This Court reviews de novo a trial court's grant or denial of summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

To establish a prima facie case of negligence, a plaintiff must prove four elements: "(1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Spikes v Banks*, 231 Mich App 341, 355; 586 NW2d 106 (1998). In this case, the

issue is whether defendant owed plaintiff a duty to avoid negligent conduct or merely to avoid reckless conduct in the operation of his ORV. We conclude that the applicable standard of care is negligence.

In *Ritchie-Gamester, supra,* the plaintiff was injured while ice skating during an open skating session when another skater, who had been skating backwards, ran into her causing her to fall and allegedly sustain injuries. The plaintiff brought an action against the skater alleging negligence and our Supreme Court affirmed the trial court's dismissal of the case, holding that "coparticipants in a recreational activity owe each other a duty not to act recklessly." *Id.* at 95. The Supreme Court premised its holding, in part, on the proposition that persons who engage in recreational activities temporarily adopt a set of rules applicable to the particular pastime or sport and, by the nature of the activities, inherent risks of harm are foreseeable. *Id.* at 86, 88.

The instant case, however, is distinguishable from *Ritchie-Gamester.* In that case, the Court primarily focused its analysis on injuries sustained during the course of recreational activities that typically or foreseeably involve physical contact between coparticipants. To the contrary, a person operating a motorized recreation vehicle does not reasonably expect or anticipate the risk of physical contact, nor is such risk an obvious or necessary danger inherent to its normal operation. The *Ritchie-Gamester* Court did not contemplate injuries that occur as a result of physical contact between two such vehicles. This distinction is dispositive. We decline to adopt defendant's speculative conclusion that our Supreme Court intended that a recklessness standard of care apply

with regard to the operation of motorized recreation vehicles simply because they are usually used for recreational purposes. The operation of motor vehicles, including ORVs, is not governed by the "rules of the game," but by the law.

A "motor vehicle" is defined by the Michigan Vehicle Code (MVC), MCL 257.33, as "every vehicle that is self-propelled . . . ." A "vehicle" is further defined by the MVC as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway . . . ." MCL 257.79. An ORV is self-propelled and "may be transported or drawn upon a highway"; therefore, it is a motor vehicle under the MVC.[2] Further, this Court has held that ORVs are vehicles to which certain provisions of the MVC apply. See *People v O'Neal*, 198 Mich App 118, 120; 497 NW2d 535 (1993). Subsection 401(1) of the civil liability act of the MVC, MCL 257.401(1), allows for the imposition of liability for injury caused by ordinary negligence in the operation of a motor vehicle. See *Alex v Wildfong*, 460 Mich 10, 16; 594 NW2d 469 (1999). Whether MCL 257.401(1) applies to the operation of an ORV appears to present an issue of first impression; however, we hold that the statute is controlling and imposes a negligence, rather than a recklessness, standard of care.[3]

The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re Mes-*

---

[2] Similarly, our Supreme Court has held that a moped and a snowmobile are motor vehicles within the ambit of the MVC. See *People v Rogers*, 438 Mich 602, 605-606; 475 NW2d 717 (1991); *Farm Bureau Mut Ins Co of Michigan v Stark*, 437 Mich 175, 183; 468 NW2d 498 (1991), overruled in part on other grounds, *Smith v Globe Life Ins Co*, 460 Mich 446, 455, n 2; 597 NW2d 28 (1999).

[3] The standard of care imposed regarding the operation of personal watercraft is also negligence. See MCL 324.80207.

*ser Trust*, 457 Mich 371, 379-380; 579 NW2d 73 (1998).
This Court first looks to the specific language of the
statute to discern the intent of the Legislature.
*Charboneau v Beverly Enterprises, Inc*, 244 Mich
App 33, 40; 625 NW2d 75 (2000). If the plain and ordi-
nary meaning of the language of the statute is clear,
judicial construction is inappropriate. *Id.* Further,
statutes that relate to the same subject or that share a
common purpose are in pari materia and must be
read together as one law, even if they were enacted
on different dates. *Travelers Ins v U-Haul of Michi-
gan, Inc*, 235 Mich App 273, 279-280; 597 NW2d 235
(1999).

In this case, it appears that two statutory schemes
apply to the operation of ORVs; the off-road recreation
vehicles section of the Natural Resources and Envi-
ronmental Protection Act (NREPA),[4] MCL 324.81101 *et
seq.*, and the MVC, specifically the civil liability act,
MCL 257.401. MCL 257.401(1) provides, in relevant
part:

> This section shall not be construed to limit the right of a
> person to bring a civil action for damages for injuries to
> either person or property resulting from a violation of this
> act by the owner or operator of a motor vehicle or his or
> her agent or servant. The owner of a motor vehicle is liable
> for an injury caused by the negligent operation of the motor
> vehicle whether the negligence consists of a violation of a
> statute of this state or the ordinary care standard required
> by common law.

_____

[4] Statutes governing off-road recreational vehicles were included in the
MVC, MCL 257.1601 to 257.1626, until they were repealed by 1995 PA 58,
§ 90106, effective May 24, 1995, and reenacted, in large part, by 1995 PA
58, § 1, as part 811 of the recreation chapter of the NREPA, and are codified
at MCL 324.81101 *et seq.*

The off-road recreation vehicles section of the NREPA does not contain a particular provision that provides for civil liability arising from the operation of an ORV. Because both these statutory schemes relate to the same subject, i.e., motor vehicles, and are harmonious and complementary, the in pari materia doctrine is applicable and we read them together as one law. See *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998), quoting *Detroit v Michigan Bell Telephone Co*, 374 Mich 543, 558; 132 NW2d 660 (1965); *Travelers Ins, supra*; *M & S, Inc v Attorney General*, 165 Mich App 301, 306-307; 418 NW2d 441 (1987). Consequently, an ORV is a motor vehicle for purposes of the civil liability act; therefore, liability may be imposed for its negligent operation.[5]

Accordingly, the trial court erred in granting defendant's motion for summary disposition. In consideration of our resolution of this dispositive issue, we need not review plaintiffs' remaining issues on appeal.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[5] Further, in this case, an action under the civil liability act is not barred by the no-fault insurance act, MCL 500.3135, because ORVs are exempted from the no-fault insurance act. See MCL 324.81106; see, also, *Travelers Ins, supra* at 284-285; *Morris v Allstate Ins Co*, 230 Mich App 361, 368-369; 584 NW2d 340 (1998).