*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LANA ABUAITA, by Next Friend GEORGE P.
ABUAITA,

UNPUBLISHED
April 25, 2019

Plaintiff-Appellant,

v

No. 342346
Genesee Circuit Court
LC No. 17-108565-NO

GEORGE ABUAITA,

Defendant-Appellee.

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Plaintiff, in this personal injury action brought by her father, appeals as of right the trial court's order granting summary disposition in favor of defendant. We affirm.

## I. FACTS

Plaintiff and defendant are cousins who were both minors at the time of plaintiff's accident. Plaintiff was nine years old, weighed approximately 55 pounds, and stood 4 feet 2 inches tall. Defendant, a 13-year-old, was taller and heavier than plaintiff. Plaintiff, her minor friend, NO, defendant, and other children were playing in NO's backyard during an informal family gathering. Plaintiff, NO, and defendant decided to perform a skit in which defendant pretended to rob plaintiff as NO filmed the skit on an iPad.[1] The children planned that defendant would bump into plaintiff and knock her down while pretending to steal her purse. Plaintiff initially testified during her deposition that defendant "was supposed to be like a bad guy who was supposed to knock me down." She later stated that she lacked certainty but felt pretty sure that he was to "lightly push me over, and like, not really touch me . . ." and "it would just look like he pushed me." She explained that defendant walked up to her from her left side, grabbed

---

[1] After the incident, NO deleted the video footage because it was unclear.

-1-

her by her shoulders, kneed her left leg, let go of her, and she lost her balance and fell down in pain.

Defendant testified that he did not remember grabbing plaintiff's shoulders but he admitted that his knee unintentionally hit plaintiff's thigh as he was performing the skit. NO initially testified that defendant "was walking up to [plaintiff] to rob her and he like put his leg behind hers and kicked hers, I don't really remember how that would happen, and then the next thing I knew she was on the floor." She later testified that "it was like he put his leg behind her leg and nudged her leg or something" and he "kind of like nudged her and then she just like fell." Plaintiff suffered a fractured left femur.

Plaintiff, by her next friend, sued defendant alleging that defendant acted negligently or recklessly causing her injury. After discovery, defendant moved for summary disposition under MCR 2.116(C)(10) and the trial court granted defendant's motion. The trial court considered the evidence presented by the parties and took into consideration defendant's age and how a 13-year-old would act in similar circumstances. The trial court held that defendant, as a minor child, did not breach his duty of care owed to plaintiff. Alternatively, the trial court applied the reckless-misconduct standard of care under the recreational activities doctrine and ruled that defendant's actions were not reckless.

## II. STANDARD OF REVIEW

We review de novo a trial court's grant or denial of a summary disposition motion. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424; 751 NW2d 8 (2008). A motion for summary disposition under MCR 2.116(C)(10) should be granted "if the evidence submitted by the parties fails to establish a genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 424-425 (quotation marks and citation omitted). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Id*. (citation omitted). "The general standard of care is a question of law for the courts, and thus subject to review de novo." *Sherry v East Suburban Football League*, 292 Mich App 23, 27; 807 NW2d 859 (2011) (citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because a genuine issue of material fact exists regarding whether defendant breached his duty of care owed to plaintiff. We disagree.

To establish a prima facie case of negligence, a plaintiff must prove four elements: "(1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Van Guilder v Collier*, 248 Mich App 633, 635; 650 NW2d 340 (2001). In *Ray v Swager*, 501 Mich 52, 75; 903 NW2d 366 (2017) (citation omitted), our Supreme Court clarified the standard of care applicable to children:

Unlike adults, who are held to the reasonable person standard, determining whether a child was negligent requires application of a subjective standard. The

-2-

court must assess whether the child acted with the degree of care that would reasonably be expected of a child of similar age, intelligence, capacity, and experience under the circumstances of the case.

In *Bragan ex rel Bragan v Symanzik*, 263 Mich App 324, 334; 687 NW2d 881 (2004) (quotation marks and citation omitted), this Court clarified:

In negligence actions, a child over the age of seven is required only to act as a minor of similar age, mental capacity, and experience would conduct himself, unless engaging in an adult activity.

"Minors are required only to exercise that degree of care which a reasonably careful minor of the age, mental capacity and experience of other similarly situated minors would exercise under the circumstances." *Id.* at 328 (quotation marks and citations omitted). "[T]here is no fixed age at which a child does and can be expected to realize any particular risk, as a matter of law." *Id.* at 328-329 (quotation marks and citation omitted). This Court stated

It is a question of fact for the jury whether a result is reasonably foreseeable to a child of similar age, ability, intelligence and experience. In so finding, the Supreme Court noted that the reasonable expectation is for a child to be held to a lesser standard of foreseeability than an adult. [*Id.* at 334 (quotation marks and citation omitted).]

In this case, the parties did not submit any evidence as to defendant's intelligence or experience, and the trial court did not make any specific findings in that regard. Nothing in the record suggests that defendant differed in any respect from an average 13-year-old boy at the time of the accident. The record reflects that the trial court correctly concluded that the applicable standard of care in this case required consideration of how an average 13-year-old boy would act in performing the skit. The trial court did not err in holding that this age-based subjective standard of care applied to defendant's conduct.

After determining the applicable standard of care, the trial court next had to determine whether defendant exercised that degree of care which a 13-year-old child of similar mental capacity and experience would exercise under the same circumstances. *Bragan*, 263 Mich App at 328. The record indicates that the trial court considered the evidence the parties presented to determine what the children intended and what transpired during their skit. The trial court correctly concluded that no dispute existed that the children envisioned that physical contact would occur between defendant and plaintiff during the performance of the skit, and that defendant was to forcibly remove the purse from plaintiff. The children's testimonies indicate that they intended that defendant would knock down plaintiff but they did not specify the degree of contact defendant would use. The children did not script the action or decide in advance exactly how defendant would play his role. The record reflects that defendant improvised and the accident resulted.

The trial court concluded that a 13-year-old child involved in the type of play in which the children engaged in this case would have acted similarly to defendant to fulfill his role in the skit. The trial court opined that a 13-year-old would not have exercised restraint but would have

gone "full out to accomplish the taking of the purse" and it concluded that "a 13-year-old is likely to use the measures that were done here." The trial court, therefore, held that defendant did not breach the applicable standard of care.

The record reflects that the trial court assessed whether defendant acted with the degree of care that would reasonably be expected of a child of his age, intelligence, capacity, and experience under the circumstances of this case. The trial court did not base its assessment solely on defendant's age without considering the relevant factual context of his actions. Under the principles articulated in *Ray*, the trial court had the responsibility to make this assessment and it was not obligated to leave the decision to the triers of fact. See *Ray*, 501 Mich at 75.

Viewing the facts in a light most favorable to the nonmoving party, we do not find that a genuine issue of material fact existed regarding the children's actions in this case. The children played at performing an impromptu skit in the manner they intended which resulted in plaintiff's injury. That, however, does not necessitate the imposition of liability upon defendant. Having determined the applicable standard of care and defendant's actions in relation to that subjective standard of care applicable to a 13-year-old, the trial court did not err by concluding that defendant did not breach that standard of care. Accordingly, the trial court did not err by granting defendant summary disposition.

The record also reflects that the trial court correctly analyzed this case under the recreational activities doctrine and properly ruled that defendant was entitled to summary disposition on this alternative ground. The recreational activities doctrine applies broadly. *Ritchie-Gamester v City of Berkley*, 461 Mich 73; 597 NW2d 517 (1999). In *Ritchie–Gamester*, our Supreme Court explained:

> A person who engages in a recreational activity is temporarily adopting a set of rules that define that particular pastime or sport. In many instances, the person is also suspending the rules that normally govern everyday life. For example, it would be a breach of etiquette, and possibly the law, to battle with other shoppers for a particularly juicy orange in the grocery store, while it is quite within the rules of basketball to battle for a rebound. Some might find certain sports, such as boxing or football, too rough for their own tastes. However, our society recognizes that there are benefits to recreational activity, and we permit individuals to agree to rules and conduct that would otherwise be prohibited.
>
> There are myriad ways to describe the legal effect of voluntarily participating in a recreational activity. The act of stepping onto the field of play may be described as "consent to the inherent risks of the activity," or a participant's knowledge of the rules of a game may be described as "notice" sufficient to discharge the other participants' duty of care. Similarly, participants' mutual agreement to play a game may be described as an "implied contract" between all the participants, or a voluntary participant could be described as "assuming the risks" inherent in the sport. No matter what terms are used, the basic premise is the same: When people engage in a recreational activity, they have voluntarily subjected themselves to certain risks inherent in that activity.

When one of those risks results in injury, the participant has no ground for complaint. [*Id*. at 86-87.]

Further, in describing the types of activities included within the recreational activities doctrine, the Court included both contact and noncontact team sports, as well as, individual and group recreational activities such as the game of "kick the can" and amusement park rides. *Id*. at 82, 87-88 (citations omitted).

In this case, the children agreed to perform the purse robbery skit and intended that some physical contact would ensue. The record reflects that the children operated according to the rules of the game and unfortunately plaintiff experienced an injury during her participation. The record when viewed in a light most favorable to the nonmoving party does not support plaintiff's contention that defendant acted recklessly. Conduct within the range of the ordinary activity involved during a recreational activity is not reckless. *Id*. at 90 n 10. Accordingly, the trial court did not err by applying the recreational activities doctrine and granting defendant summary disposition.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford