*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL DEAN BAILEY and SANDRA BAILEY,

        Plaintiffs-Appellants,

v

MICHAEL CHARLES BEAULIEU, NEW LOOK PAINTING COMPANY, LLC, FARMERS INSURANCE COMPANY, DEREK JOHN WILLIS, and MC VAN KAMPEN TRUCKING, INC.,

        Defendants-Appellees,

and

PAUL BERNARD HUGHES, KEVIN GEORGE TOREN, DANIEL PATRICK MEYER, DON LEE DISTRIBUTOR, INC., GM FREIGHT, INC., GM LOGISTICS, INC., and AAUSTIN EXPRESS, INC.,

        Defendants.

UNPUBLISHED
November 13, 2024
9:24 AM

No. 367411
Kent Circuit Court
LC No. 21-004183-NI

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

In this negligence action, plaintiffs Michael Bailey and Sandra Bailey[1] appeal of right a stipulated order that dismissed with prejudice plaintiffs' claims against defendants Michael Beaulieu and New Look Painting, LLC.[2] On appeal, plaintiffs challenge three earlier orders

---

[1] Hereinafter, the singular "Bailey" will refer to Michael Bailey.

[2] Although parties in the trial court, Beaulieu and New Look Painting, LLC are not parties to this appeal. Hence, "defendants" refers only to Willis and MC Van Kampen Trucking, Inc.

entered by the trial court: an order granting summary disposition under MCR 2.116(C)(10) in favor of defendants Derek John Willis and MC Van Kampen Trucking, LLC (Van Kampen); an order denying plaintiffs' motion for reconsideration; and an order awarding prevailing-party costs against plaintiffs. For the reasons stated herein, we affirm in part, vacate in part, and remand to the trial court for further proceedings.

## I. BASIC FACTS AND PROCEDURES

On a wintery day in 2019, Bailey, Willis, Beaulieu, and Kevin Toren were involved in a four-vehicle crash that was part of a larger, multivehicle pileup on westbound M6 in Kent County. According to Bailey, he was driving his white pickup truck in the right lane with two semitrucks in front of him and two semitrucks in the left lane. All the tractors were pulling trailers except for the semitruck immediately in front of him, which was driven by Willis. Bailey said that the tractor-trailers in front of him jackknifed in the road and that the tractor immediately in front of him, i.e., Willis's tractor, "turned at a 90 degree angle in the road and stopped." Bailey was slowing down to avoid Willis's tractor when he was hit from behind by a small SUV driven by Beaulieu, and the impact propelled Bailey's pickup truck into Willis's tractor. Bailey's pickup truck was then hit three or four additional times before coming to a rest on the right shoulder of the highway.

Plaintiffs filed a complaint against Beaulieu and his employer, New Look Painting, alleging negligence and owner liability, while Sandra alleged loss of consortium. On the basis of Bailey's deposition testimony that Willis's tractor was perpendicular in the road immediately before the initial collision, Beaulieu moved for leave to file a notice of nonparty fault listing Willis and Van Kampen, the owner of the tractor that Willis was driving, as nonparties potentially at fault. Over plaintiffs' opposition, the trial court granted Beaulieu's motion and ordered plaintiffs to file a second amended complaint naming Willis and Van Kampen as defendants. In a second amended complaint, plaintiffs alleged that Willis operated the tractor negligently, in violation of Michigan's Motor Vehicle Code, MCL 257.1 *et seq.*, and that Van Kampen was liable for any injuries caused by Willis's negligence.

Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiffs failed to provide admissible evidence that Willis was negligent. They also argued that Bailey was presumed to be at fault for the collision under Michigan law because he rear-ended Willis's tractor and, although this presumption is rebuttable, plaintiffs had not presented the evidence necessary to do so. They alternatively argued that plaintiffs' recovery of damages was barred because Bailey was more than 50% at fault for the collision, and that encountering a jackknifed tractor-trailer blocking his lane of travel (in wintery conditions) presented Willis with a sudden emergency that provided an absolute defense to plaintiffs' negligence claims.

Plaintiffs argued that summary disposition was not proper because there were conflicting testimonies about the motion and orientation of Willis's tractor before and at the time of the collision, as well as whether there were whiteout conditions. In an attempt to tar Willis and Beaulieu with the same brush, plaintiffs contended that the sudden-emergency doctrine was not applicable because any "emergency" that arose was of Beaulieu and Willis's making, and attributable to their negligence  Dismissal on the ground that their theory of liability was speculative was not appropriate, plaintiffs argued, because there were two different theories about how Bailey's collision with Willis occurred: (1) the theory they articulated; and (2) the theory that

Beaulieu proposed when he testified that he saw Willis's tractor perpendicular to the roadway, could not stop, and hit the front end of Bailey's vehicle " 'because it was at an angle.' "

After hearing oral argument, the trial court found that the incident fell under the sudden-emergency doctrine and that the doctrine provided defendants an absolute defense. The court concluded that Willis had acted as would a reasonably prudent driver in similar conditions and that plaintiffs' injuries were caused in part when Bailey rear-ended Willis's tractor. Finding no genuine issue of material fact with respect to Willis, the trial court granted summary disposition in favor of defendants.

Plaintiffs moved for reconsideration, arguing that the testimonies of Willis and other deponents did not support the trial court's finding that a sudden emergency existed. In a written order denying plaintiffs' motion, the court clarified that the sudden-emergency doctrine was not the sole basis for its summary disposition ruling. It also granted summary disposition in favor of defendants on the basis of the lack of evidence indicating that Willis was more likely than not a cause in fact of Bailey's collision with defendants' tractor.

Defendants then moved for prevailing-party costs under MCR 2.625, seeking costs for copies of medical records; transcripts of the depositions of Beaulieu, plaintiffs, Toren, Hughes, and Trooper Brogger; records from the Department of Treasury; tax preparation records; the services of an expert from Engineering Systems, Inc.; and court filing fees. According to plaintiffs, the costs sought were not recoverable because none of the documents for which defendants claimed costs were filed with the court or used at trial, and no damages were assessed. Plaintiffs argued that the motion had no legal basis and asked the trial court to award as sanctions plaintiffs' costs and fees for defending the motion. Agreeing with defendants that they were entitled to the costs that they had incurred defending plaintiffs' claims, the trial court granted defendants' motion.

Plaintiffs now appeal.

II. SUMMARY DISPOSITION

Plaintiffs contend that the trial court erred by granting summary disposition in favor of defendants. We review de novo a trial court's decision on a motion for summary disposition, *Dextrom v Wexford* Co, 287 Mich App 406, 416; 789 NW2d 211 (2010), reviewing the motion in the same way that the trial court was obligated to review it, see *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012).

Defendants moved for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). A trial court evaluating a motion for summary disposition under Subrule (C)(10) "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

When making a motion under MCR 2.116(C)(10), the moving party has the initial burden to identify "the issues as to which the moving party believes there is no genuine issue as to any

material fact." MCR 2.116(G)(4). If the nonmoving party has the burden to prove the claim at trial, as do plaintiffs, then the moving party may satisfy its burden "by 'submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim,' *or* by 'demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.' " *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016), quoting *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the moving party properly asserts and supports the motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto*, 451 Mich at 362.

To establish that a defendant was negligent, a plaintiff has to prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the breach was a proximate cause of the plaintiff's injuries, and that the plaintiff suffered damages. *Van Guilder v Collier*, 248 Mich App 633, 635; 650 NW2d 340 (2001) (quotation marks and citation omitted).

A duty can arise from statutory requirements, such as specific provisions of the Michigan Vehicle Code. See *Meyers v Rieck*, 509 Mich 460, 472; 983 NW2d 747 (2022). A driver also has a general duty to act toward others with the caution that a reasonably prudent person would use in similar circumstances, *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956), making reasonable allowances for traffic, weather, and road conditions, see *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967). Proximate cause involves cause in fact and legal cause. *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994). Cause in fact, or factual causation, "generally requires showing that 'but for' a defendant's actions, the plaintiff's injuries would not have occurred." *Id*. at 163. To establish factual causation sufficient to overcome a motion for summary disposition, "the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injury would not have occurred." *Id*. at 164-165. Legal cause "normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. at 163. A plaintiff must adequately establish cause in fact before legal cause becomes a relevant issue. *Id*.

To meet their initial summary-disposition burden, defendants relied on deposition testimony and expert reports to show that plaintiffs' evidence did not establish a breach of duty or factual causation. Defendants presented evidence establishing that it was undisputed that Bailey's pickup truck slid into Willis's tractor. Regardless of disputes about whether Bailey slid into Willis's tractor before Beaulieu hit him or Beaulieu's impact propelled him into Willis's tractor, or whether Bailey rear-ended the tractor or struck it in the middle, there was no dispute that Bailey hit Willis's tractor, and that he did so from a rearward position. In addition, Willis's testimony that he was driving no more than 45 miles an hour was undisputed, as was the fact that he was able to gradually slow the tractor to a stop or near stop without initiating contact with any other vehicles. This undisputed evidence suggested that Willis was not operating his tractor "at a speed greater than that which [would] permit a stop within the assured, clear distance ahead." MCL 257.627(1).

When deciding a motion for summary disposition, a trial court is required to draw all reasonable inferences in favor of the nonmoving party. *Dextrom*, 287 Mich App at 415-416. The crux of plaintiffs' response to defendants' motion was that a jury could reasonably infer that the perpendicular position of Willis's tractor immediately before the collision with Bailey showed that

Willis breached a statutory duty by losing control of his vehicle. This inference might help plaintiffs with the element of breach, but it does not help them with causation. Plaintiffs presented no evidence from which a jury could find it more likely than not that, but for Willis's inferred negligence, plaintiffs' injuries would not have occurred. See *Skinner*, 445 Mich at 163-164. As already indicated, undisputed evidence established that Bailey hit Willis's tractor from a rearward position and strongly indicated that Willis was not operating his tractor "at a speed greater than that which [would] permit a stop within the assured, clear distance ahead." MCL 257.627(1). However, there was no evidence that Willis's position in the right lane resulted from negligent driving, and neither party's expert reconstructionist identified any facts from which it could be concluded that Willis caused or contributed to Bailey's collision with Willis's tractor. To the extent that Bailey implied that Willis breached a duty owed by not sliding completely out of the lane in which he had been traveling, so as not to "block" Bailey's lane of travel, it has long been the law in Michigan that a driver has no duty to "guard against every conceivable result . . . take extravagant precautions, [or] exercise undue care[.]" *Hale v Cooper*, 271 Mich 348, 354; 261 NW 54 (1935). In response to the trial court's questioning at oral argument, plaintiffs were unable to suggest what Willis did wrong or what reasonable efforts he could have taken to avoid Bailey's collision with his tractor.

It is true that factual disputes remained regarding the orientation and movement of Willis's tractor immediately before the accident, where Bailey's vehicle impacted the tractor, whether Bailey slid into the tractor before Beaulieu hit him or because Beaulieu hit him, and whether there were whiteout conditions. However, plaintiffs failed to explain how, even if a jury resolved these factual disputes in plaintiffs' favor, the jury could then find it more likely than not that, but for Willis's inferred negligence, plaintiffs' injuries would not have occurred. See *Skinner*, 445 Mich at 163-164. Having failed to provide evidence from which a jury could find that Willis's negligence was a factual cause of plaintiffs' injuries, plaintiffs' assertion that a jury could find that Willis was partially at fault for the accident remained a matter of "pure speculation or conjecture." *Id*. at 165 (quotation marks and citation omitted). "A mere possibility of such causation is not enough." *Id*. (quotation marks and citation omitted). Therefore, summary disposition under MCR 2.116(C)(10) in favor of defendants was proper.[3]

### III. PREVAILING PARTY COSTS UNDER MCR 2.625

Plaintiffs also argue that the trial court abused its discretion by granting defendants' motion for prevailing-party costs under MCR 2.625(A). We review for an abuse of discretion a trial court's decision to tax costs, and we review de novo the trial court's interpretation and application of MCR 2.625. *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 365; 824 NW2d 609 (2012). A trial court abuses its discretion when it selects an outcome that falls outside the range

---

[3] Plaintiffs also argue that the trial court erred by granting summary disposition on the basis of the sudden-emergency doctrine. However, the trial court stated in its order denying plaintiffs' motion for reconsideration that it also granted summary disposition on the basis of the lack of evidence indicating that Willis was more likely than not a cause in fact of Bailey's collision with defendants' tractor. Because application of the sudden-emergency doctrine was not the sole basis for the trial court's summary disposition ruling, we need not address this argument.

of reasonable and principled outcomes or when it selects an outcome on the basis of an erroneous application of law. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

MCR 2.625(A)(1) provides that "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." The starting presumption is that costs are allowed as a matter of course to a prevailing party. *Guerrero v Smith*, 280 Mich App 647, 671; 761 NW2d 723 (2008). "This does not mean . . . that every expense incurred by the prevailing party in connection with the proceeding may be recovered against the opposing party." *Id*. (quotation marks, citation, and emphasis omitted). "Costs" and "taxable costs" are more narrowly construed than "expenses." See *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 621-622; 550 NW2d 580 (1996). Therefore, not "every expense incurred by the prevailing party in connection with the proceeding may be recovered against the opposing party." *Id*. at 622 (quotation marks and citation omitted). The power to tax costs is wholly statutory, and costs are not recoverable when "there exists no statutory authority for awarding them." *Id*. at 621.

The trial court abused its discretion by granting defendants' motion for costs under MCR 2.625 on the basis of an erroneous application of the law. See *Pirgu*, 499 Mich at 274. Defendants asked the trial court to award them prevailing-party costs under MCR 2.625 "for the on-going defense" of plaintiffs' lawsuit. In neither their motion nor the brief filed in support of their motion did defendants cite any authority for the costs they sought other than MCR 2.625. The affidavit attached to their motion stated that the costs that were listed on the bill of costs were "true and accurate and reflect[ed] actual costs incurred in defense of this matter." Again, there is no mention of the legal framework for the taxation of costs or of the statutory authority for the costs that they sought. At oral argument before the trial court, defendants argued that they had provided a bill of costs and an affidavit and that, therefore, they had met the requirements of MCR 2.625. Defendants' motion, brief, affidavit, and oral argument reflect that defendants requested the expenses that they incurred in defending against plaintiffs' claims, rather than costs that were taxable.

The trial court granted defendants' motion, reasoning that costs were available as a remedy under MCR 2.625, and that defendants "should get the costs that they incurred as a result of this case." As indicated earlier, however, not "every expense incurred by the prevailing party in connection with the proceeding may be recovered against the opposing party." *Beach*, 216 Mich App at 622 (quotation marks and citation omitted). Costs are not recoverable when "there exists no statutory authority for awarding them." *Id*. at 621.

Because defendants offered no statute or court rule allowing for the costs they sought to recover, the court's decision to grant defendants' motion for prevailing-party costs was made on the basis of an erroneous application of law. Accordingly, the trial court abused its discretion by granting the motion. See *Pirgu*, 499 Mich at 274.

Plaintiffs argue on appeal that they are entitled to sanctions under MCR 2.114(D) through (F), now MCR 1.109(E)(5) through (7); MCR 2.625(A)(2); and MCL 600.2591. Whether defendants' motion was frivolous arguably depends on the trial court's determination on remand whether defendants made the proper showing for an award of taxable costs under MCR 2.625. In their response to defendants' motion for costs, plaintiffs asked the trial court to find that

defendants' motion was frivolous and to award plaintiffs the costs and fees they incurred to defend the motion. By granting defendants' motion, the trial court impliedly found that the motion was not frivolous. On remand, the trial court should not only consider defendants' motion for prevailing-party costs in the proper legal framework, see *Int'l Outdoor, Inc v SS Mitx, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 359082 and 359811); slip op at 15-16; MCL 600.2405, but also revisit plaintiffs' request for a finding that defendants' motion was frivolous and, therefore, sanctionable.[4]

## IV. CONCLUSION

We affirm the trial court's order granting summary disposition in favor of defendants, we vacate the trial court's order granting costs against plaintiffs under MCR 2.625, and we remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron

---

[4] Plaintiffs raise a final argument that begins with their contention that, as an additional reason for denying their motion for reconsideration, the trial court concluded that plaintiffs' action against defendants was frivolous. The trial court made no such finding.

-7-