*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RELEVAR HOME CARE,

        Plaintiff-Appellee,

v

MEEMIC INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
September 16, 2025
1:40 PM

No. 368880
Macomb Circuit Court
LC No. 2022-002385-NF

---

RELEVAR HOME CARE,

        Plaintiff-Appellant,

v

MEEMIC INSURANCE COMPANY,

        Defendant-Appellee.

No. 370897
Macomb Circuit Court
LC No. 2022-002385-NF

---

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

These consolidated appeals arise from injuries sustained in a motor vehicle accident and resulting claims for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. A jury concluded defendant insurance company wrongfully reduced its payment to plaintiff, a home healthcare service company, by almost half the fees charged for the services rendered to defendant's insured driver and thus awarded plaintiff the unpaid claims and interest. Defendant mainly raises evidentiary challenges arising from the trial, and plaintiff separately appeals the trial court's denial of its motion for attorney fees under MCL 500.3148(1). For the reasons set forth in this opinion, we affirm in all respects.

-1-

# I. BACKGROUND

Defendant's insured, Stephen Luczak, suffered a stroke while driving, crashed his vehicle into a house, and sustained serious injuries. Plaintiff is a home healthcare service company that provided attendant care and nursing services to Luczak. After defendant only paid plaintiff about 50 percent of the actual amounts billed, plaintiff commenced this lawsuit alleging breach of contract for failing to pay for reasonably necessary medical services provided to Luczak in his home under defendant's no-fault policy with Luczak. Plaintiff sought its unpaid claims, interest, and attorney fees.

Following a two-day jury trial, the jury returned a verdict in favor of plaintiff. The jury determined that the expenses that plaintiff charged were allowable expenses under the no-fault act, and it awarded plaintiff the full amount of its outstanding claims, $113,683.05, plus interest in the amount of $15,915.62. Plaintiff then moved for attorney fees under MCL 500.3148(1), which the trial court denied after concluding that defendant had undertaken the "statutorily required review of . . . [plaintiff's] charges to determine their reasonableness and it paid what it ultimately believed to be a reasonable amount." Plaintiff unsuccessfully moved for reconsideration of the trial court's order denying its motion for attorney fees. These consolidated appeals followed. *Relevar Home Care v Meemic Ins Co*, unpublished order of the Court of Appeals, entered January 29, 2025 (Docket Nos. 368880 and 370897).

# II. JURISDICTION

As a threshold issue, defendant raises a jurisdictional challenge regarding the timeliness of plaintiff's claim of appeal. Defendant contends that the trial court's order denying plaintiff's motion for reconsideration of its order denying plaintiff's motion for attorney fees was entered on April 8, 2024, and that plaintiff did not file its claim of appeal within 21 days, which would have been on or before April 29, 2024. In contrast, plaintiff asserts that its claim of appeal was timely filed on May 13, 2024, because the order denying reconsideration was not filed and served electronically on the parties through the court's electronic filing system until April 22, 2024.

MCR 7.204(A)(1)(d) required that plaintiff file its appeal as of right within 21 days of the trial court's "entry" of the order denying plaintiff's motion for reconsideration. Under MCR 7.204(A), " 'entry' means the date a judgment or order is signed or the date that data entry of the judgment or order is accomplished in the issuing tribunal's register of actions." However, the register of actions in this case did not indicate "the date that data entry of the judgment or order [was] accomplished" as required by the court rule. We, therefore, construe April 22, 2024—the date on which the trial court's order denying the motion for reconsideration was marked as filed— as the date that data entry of the judgment or order was accomplished. MCR 7.204(A). Accordingly, the 21-day period ran from April 22, 2024, and plaintiff's claim of appeal was timely under MCR 7.204(A)(1)(d). Defendant's jurisdictional challenge in Docket No. 370897 is, therefore, without merit.

## III. PLAINTIFF'S DIRECT CAUSE OF ACTION UNDER MCL 500.3112

In Docket No. 368880, defendant argues that plaintiff did not have standing to pursue a direct cause of action against defendant to recover unpaid charges for attendant care and nursing

services provided to Luczak following the effective date of 2019 PA 21. The gravamen of defendant's argument is that, under this Court's decision in *Centria Home Rehab, LLC v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363699); slip op at 2 (*Centria I*), plaintiff did not have standing to pursue a direct cause of action to recover its unpaid claims for benefits for attendant care and nursing services provided to Luczak from July 1, 2021 to May 7, 2022, because the underlying accident occurred before the effective date of 2019 PA 21.

But our Supreme Court specifically rejected defendant's argument shortly after briefing completed in this case. In lieu of granting appeal, our Supreme Court reversed *Centria I* and held that "[t]he 2019 amendment to MCL 500.3112 applied 'to products, services, or accommodations provided after the effective date of this amendatory act.' " *Centria Home Rehab, LLC v Allstate Ins Co*, ___ Mich ___, ___; 12 NW3d 387 (2024) (Docket No. 166608) (*Centria II*), slip order at 1, quoting 2019 PA 21, enacting § 1.[1] Accordingly, to the extent that plaintiff sought to recover unpaid charges from defendant for nursing services and attendant care it provided to Luczak, it had standing to do so in a direct cause of action under the version of MCL 500.3112 in effect following the 2019 amendments. Defendant's appeal on this basis is, therefore, without merit.

## IV. EVIDENTIARY CHALLENGES

Defendant next argues that the trial court erred in admitting several of plaintiff's exhibits as inadmissible hearsay and in violation of MRE 408 and MRE 409.[2] We disagree.

Defendant's evidentiary challenges concern Exhibits 1, 3, and 4. Although defendant objected to each of these exhibits below, its argument on appeal relative to Exhibits 1 and 4 presents a different basis for the alleged inadmissibility than was presented to the trial court. Consequently, only defendant's argument regarding Exhibit 3 is preserved for appellate review. See *Klapp v United Ins Group Agency (On Remand)*, 259 Mich App 467, 475; 674 NW2d 736 (2003). We, therefore, review defendant's objection to Exhibit 3 for abuse of discretion, *Danhoff v Fahim*, 513 Mich 427, 441; 15 NW3d 262 (2024), and its remaining challenges for plain error, MRE 103(d); see also *Wischmeyer v Schanz*, 449 Mich 469, 483; 536 NW2d 760 (1995).[3]

First, we address under the plain-error standard plaintiff's Exhibits 1 and 4. Exhibit 1 is plaintiff's balance sheet reflecting unpaid charges from July 6, 2021 until April 26, 2022, and

---

[1] For reasons unknown to us, defendant neither provided this Court with notice of this controlling supplemental authority, nor conceded the point in response to plaintiff's notice of controlling supplemental authority expressly raising *Centria II*.

[2] The Michigan Rules of Evidence were substantially amended effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). We rely on the versions of the rules of evidence in effect at the time of this trial.

[3] We note that these remaining evidentiary challenges are arguably waived due to their lack of preservation. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). We decline, however, to reach that issue given that they fail under the plain-error standard that would, per MRE 103(d), govern their review if we were to set aside the waiver.

Exhibit 4 is an explanation of benefits (EOB) showing defendant's partial payments for Luczak's claim. Defendant asserts admission of these partial-payment documents violated MRE 408's prohibition on the use of evidence regarding "compromise offers and negotiations" and MRE 409's exclusion of "evidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury."

Citing *Chouman v Home Owners Ins Co*, 293 Mich App 434, 437-438; 810 NW2d 88 (2011), defendant claims that MRE 408 and MRE 409 prohibited the introduction of the partial payments or payments of PIP benefits. However, *Chouman* does not stand for this principle of law; instead, the *Chouman* Court held that MRE 408 and MRE 409 are "clearly inapplicable" to the evidence of the defendant insurer's payment of PIP benefits in that case. 293 Mich App at 437.

*Chouman*'s application demonstrates this point. There, one of the plaintiffs injured in a motor vehicle accident had discontinued her medical treatment while the defendant was paying her medical bills, and this Court highlighted how critical it was to explain why the plaintiff discontinued her medical treatment given that the defendant insurer could argue that treatment was discontinued because the plaintiff no longer considered it necessary. *Id.* at 437-438. Because the evidence was relevant to whether the plaintiff suffered a serious impairment of a body function—a purpose distinct from those prohibited under MRE 408 and 409—this Court held that its admission was not unduly prejudicial and did not violate MRE 408 or MRE 409. *Chouman*, 293 Mich App at 438. This Court notably cautioned that the payor of the benefits was not relevant and, thus, the identity of the payor could not be introduced into evidence. *Id*. Therefore, contrary to defendant's contention, *Chouman* does not stand as authority for the blanket inadmissibility of partial PIP benefit payments.

While defendant made partial payments to plaintiff for attendant care and nursing services provided to Luczak, defendant limited plaintiff's payments on the basis of its belief that plaintiff's charges were not reasonable. Nothing suggests defendant furnished the partial payments in an attempt to compromise the claim or during settlement negotiations, or that the evidence was being offered to show as much. MRE 408. Instead, defendant determined that the payments it made were commensurate with what was reasonable for the services provided to Luczak and that it did not intend to pay anything in addition.

Similarly, the trial court did not err in admitting the evidence, as it did not violate MRE 409. This evidentiary rule excludes evidence of settlements and compromises because such settlements may be motivated by considerations that are not related to the substantive merits of a claim. *Chouman*, 293 Mich App at 438. Here, the evidence of defendant's partial payments was introduced to show only that defendant had not made full payment, rather than to establish liability. MRE 409. Moreover, the EOB and balance sheet were not introduced at trial to establish that the parties were in the process of settling or compromising plaintiff's claims. The contested issue at trial was whether the expenses that plaintiff charged for Luczak's services were reasonable under MCL 500.3107. Plaintiff's proofs—via testimony by its owner, Misty Delegato, and other employees—were aimed at establishing that point. In contrast, the balance sheet and the EOB were introduced to illustrate to the jury that, while plaintiff charged a set amount, defendant only paid approximately 45% of that amount, necessitating plaintiff filing suit. Additionally, Delegato testified that defendant owed plaintiff approximately $113,000 for payments that it had declined

to make once presented with plaintiff's invoices. Therefore, we are not persuaded that defendant has established plain error affecting its substantial rights with respect to the trial court's admission of plaintiff's Exhibits 1 and 4. MRE 103(d); *Wischmeyer*, 449 Mich at 483.

Turning to plaintiff's Exhibit 3, defendant argues that this exhibit was inadmissible hearsay. The version of MRE 802 in effect at the time of trial provided that "[h]earsay is not admissible except as provided by these rules." MRE 801(c) defined hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Plaintiff's Exhibit 3 was a compilation of medical documents pertaining to Luczak's care. However, defendant's challenge to the admission of the exhibit in the trial court and on appeal is limited to the admission of a note authored by Jennifer Wilson, RN, in which she documented a verbal order from Dr. Todd Best, M.D., regarding Luczak's treatment.

MRE 803 provided, in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> * * *

> **(4) Statements Made for Purposes of Medical Treatment or Medical Diagnosis in Connection with Treatment**. Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment.

Statements admitted under MRE 803(4) are justified by the belief that they are both necessary and trustworthy. *Merrow v Bofferding*, 458 Mich 617, 628; 581 NW2d 696 (1998). The rationale underlying this hearsay exception is that the declarant has a self-interested motivation to tell the truth to receive appropriate medical care and that the statement is reasonably necessary to the treatment and diagnosis of the patient. *Id*. at 629.

Defendant claims MRE 803(4)'s exception is not applicable because Wilson's notes did not involve a statement from a patient to a treating physician and rather just reflected what Dr. Best told her about Luczak's treatment. That may be, but the trial court admitted the nursing note to show why Wilson took the actions that she did in treating Luczak, and not because the note qualified as a hearsay exception and thus could be admitted for the truth of its contents. And the record supports that determination. Wilson testified that it is common for a nurse to document verbal orders from physicians. See, e.g., *Westland v Okopski*, 208 Mich App 66, 77; 527 NW2d 780 (1994) (observing that a 911 recording admitted into evidence was not hearsay when it was admitted not to prove the truth of the matter asserted therein, but to establish why the police acted in the manner that they did). She specifically explained that she documented Dr. Best's orders to show that she was not taking the actions on her own because she could not do anything with a patient without a physician's orders. Wilson also detailed the specifics of what she did in treating Luczak, including taking his vital signs, testing his blood sugar, administering his insulin before

and after meals, and reporting to Dr. Best as necessary. Accordingly, the trial court's determination that Wilson's note was admitted into evidence to establish the physician-authority for her actions found support in the record, and the court did not err in concluding that the record did not amount to inadmissible hearsay.[4]

## V. PLAINTIFF'S MOTION FOR ATTORNEY FEES

Finally, plaintiff argues that the trial court erred in denying its request for attorney fees under MCL 500.3148(1). We disagree.

Under Michigan's no-fault act, a party claiming PIP benefits from a no-fault insurer can seek attorney fees under MCL 500.3148(1). *Ross v Auto Club Group*, 481 Mich 1, 7; 748 NW2d 552 (2008). The trial court's determination regarding whether a no-fault insurer's decision was reasonable implicates a mixed question of law and fact. *Id*. Specifically, what amounts to reasonableness is a question of law, and whether the no-fault insurer's denial of benefits is reasonable under the facts of that case is a factual question. *Id*. This Court reviews questions of law de novo and questions of fact for clear error. *Id*. When the reviewing court is left with a definite and firm conviction that the trial court made a mistake, the trial court's decision was clearly erroneous. *Id*.

Pursuant to MCL 500.3148, an award of attorney fees may be issued as follows:

> (1) Subject to subsections (4) and (5), an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The Legislature enacted this attorney-fee provision to ensure that PIP benefits are paid in a timely manner. *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 629; 550 NW2d 580 (1996). However, if the insurer's decision to refuse to pay, or the delay in payment, "is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty, the refusal or delay will not be found unreasonable." *Id*. If an attorney-fee claimant establishes that benefits are overdue, a rebuttable presumption arises that the failure to make payment was unreasonable, and the insurer will bear the burden to justify the delay or the refusal. *Brown v*

---

[4] Given our disposition of these evidentiary challenges, we correspondingly see no merit in defendant's claim that the trial court should have issued a directed verdict in its favor on their basis. Defendant's briefing also hints at challenging the sufficiency of the evidence supporting the jury's verdict, but to the extent it intends to do so in a manner beyond these evidentiary challenges, it did not set forth that issue in its statement of questions involved as required by MCR 7.212(C)(5). We do not, therefore, consider it adequately presented for our review. See *Mettler Walloon, LLC v Melrose Tp*, 281 Mich App 184, 221; 761 NW2d 293 (2008).

*Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW21d 400 (2012); *Beach*, 216 Mich App at 629.

In rendering its verdict, the jury concluded that defendant's payment of plaintiff's charges was overdue. However, as the trial court recognized, defendant rebutted the presumption of unreasonableness that arises from such a finding. *Brown*, 298 Mich App at 690-691; *Beach*, 216 Mich App at 629. For example, Nancy Ann Horton, defendant's litigation claims specialist, testified that when reviewing plaintiff's hourly fee of $290 for nursing services, Horton took steps to determine if this charge was reasonable and customary under MCL 500.3107 of the no-fault act. Luczak's first date of service with plaintiff was July 1, 2021. In determining a reasonable and customary charge, Horton testified that Luczak's previous home healthcare provider had provided the same service of giving Luczak insulin injections. In May and June of 2021, the previous home healthcare provider charged $180 an hour for skilled nursing care, and $27.50 for attendant care. Defendant paid the previous home healthcare provider $160 an hour, twice a day for skilled nursing. For attendant care, defendant paid the previous home healthcare provider $16 to $27.50. Plaintiff charged $290 an hour for nursing and $32 an hour for attendant care, and defendant paid plaintiff $166 an hour for two visits a day and $16 an hour for attendant care. During cross-examination by plaintiff's counsel, Horton conceded that another home healthcare provider billed $255 for eight hours of attendant care for an hourly rate of approximately $31. Plaintiff, on the other hand, billed defendant $32 an hour for attendant care services.

Plaintiff stresses that, in assessing reasonableness, "the court must examine the circumstances as they existed at the time the insurer made the decision," *Brown v Home-Owners Ins Co*, 298 Mich App 678, 691; 828 NW2d 400 (2012), and that Horton was not herself involved in defendant's decision not to pay the fully billed amount at the time that decision was first made. Plaintiff, however, fails to show that Horton's lack of direct, personal involvement at that time precluded the court from considering her testimony as defendant's representative, or that the court erred in its assessment of that testimony in conjunction with the other evidence before it.

Based on this evidence, the trial court did not commit reversible error in determining that defendant rebutted the presumption that its decision to decline to pay the full charged amount for nursing and attendant care services was unreasonable.

## VI. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock